Digman v. McCollum.

THOMAS DIGMAN, Appellant, *v.* WILLIAM McCOLLUM, Respondent.

1. *Lands and land titles — Conveyances — Equitable title.* — The general rule is that a purchaser must at his peril inquire into the state of his grantor's record title, since he will be affected with constructive notice of all duly-recorded conveyances by his grantor affecting the same; and the rule will hold as to the vendee of equitable title merely, as where the holder of a title bond for the conveyance of land gives his deed of trust to secure the purchase money, and before foreclosure sells and delivers to another the title. It makes no difference that in such a case the grantor had vested in himself no title of record.

*Appeal from Livingston Court of Common Pleas.*

*Broaddus & Pollard,* with *C. H. Mansur,* for appellant.

I. Malkin's bond to Young gave Young an equity in the property. (Wagn. Stat. 277, §§ 24–26; Truesdale v. Callaway, 6 Mo. 605; Woodward v. Van Hay, 45 Mo. 300.)

II. Respondent made two purchases of the property: one of Williams' equity, and the other of the legal title from Malkin. His purchase of Williams' equity was accompanied by the actual possession of the bond from Malkin to Young, and by Young assigned to Williams. From this he had actual notice of the source of Williams' title, and, by the record of the deed of trust given by Williams for the benefit of Young, he had constructive notice of appellant Digman's claim, of which he must inform himself at his peril. (Adams v. Cowherd, 30 Mo. 458; Gibson v. Lair, 37 Mo. 188; 1 Sto. Eq. Jur., § 395.)

III. Respondent not only purchased with such notice as the statute imparts by the record of the deed of trust, but by his possession of the title bond he had such information or knowledge as to require him to investigate the condition of Williams' equity at his peril, and such as to preclude him from claiming a want of notice of the equity of appellant as the assignee of Young. (Adams v. Cowherd, *supra;* 1 Sto. Eq. Jur. 400; Speck v. Riggin, 40 Mo. 405.) Respondent, then, holds the legal title as a trustee for the benefit of appellant, and can be made to convey it to appellant, or in lieu thereof the court can do it for him. (6 Mo. 605; 1 Sto. Eq. Jur., § 395; Wagn. Stat. 1056, §§ 27, 29.)

*James McFerran*, for respondent.

I. The deed of trust, when filed for record and recorded, was not notice to the respondent as grantee of Malkin, under whom he claims title. (Crockett & Resque v. McGuire, 10 Mo. 37.)

II. The evidence fails to connect the respondent with any fraud, or to show any actual notice of appellant's claims to the respondent, at or before his purchase and payment of the purchase money; and the court below having found for the respondent upon the evidence, its judgment should be affirmed. (20 U. S. Dig. 169; 29 Ga. 485; 25 U. S. Dig. 92, § 68; 18 U. S. Dig. 122; Martin v. Wright, 21 Ga. 504.)

CURRIER, Judge, delivered the opinion of the court.

This is a proceeding by petition in equity to divest the defendant of title to the premises described in the petition, and to vest the same in the plaintiff. The case discloses the following facts: In May, 1868, one Malkin, who was then the owner, bargained the premises to one Young, executing to him the usual title bond, and taking from him the latter's note at two years for the purchase money. Young subsequently assigned the bond to one Williams, who, for a valuable consideration, sold and delivered it to the defendant, Williams at the time being in possession. The defendant thereupon paid Malkin the original purchase money and interest, surrendered the bond, and took from Malkin a deed in fee. Before this transaction, however, and prior to the defendant's purchase of Williams, the latter had conveyed in trust all his right, title and interest in the premises to secure a portion of the purchase money in the transaction between him and Young. The conveyance was by a deed of trust in the usual form, which was duly executed, acknowledged and recorded prior to the defendant's purchase. The plaintiff claims under this deed, having purchased at the trustee's sale. He brings into court and tenders to the defendant the amount paid by him to Malkin, with the accrued interest, and asks that the defendant be divested of title, and that the same may be vested in him.

It is averred that the defendant purchased with full notice of the deed of trust, and that is the principal matter to be inquired into. The deed was on record, and the defendant, according to the plaintiff's view, must be presumed to have searched the records and come to a knowledge of the contents of the deed. The defendant is sought to be affected with constructive notice from the fact that the instrument was duly recorded. The general rule on this subject undoubtedly is that a purchaser must at his own peril inquire into the state of his grantor's record title, since he will be affected with constructive notice of all duly-recorded conveyances by his grantor affecting that title. I am aware of no exception to this rule, although it has repeatedly been decided that a purchaser is not affected with constructive notice of anything that does not lie within the course of the title with which he is dealing, or that is not in some way connected with it; or as Judge Scott expressed it in Crockett v. Maguire, 10 Mo. 34, the "registry of a deed is only evidence of notice to after-purchasers from the same grantor;" that is, from the grantor in the registered deed.

In the case now before the court, Williams, the grantor in the recorded deed of trust, was the defendant's vendor, as respects the equitable title to the premises in contest. That title passed from him to the defendant in virtue of the transaction between them; that is, by the sale, receipt of the purchase money, and delivery of the bond. Had Williams passed the title by deed, he would have been the defendant's technical grantor as well as vendor. But the form of the conveyance does not affect the substance of the transaction. Williams had an interest in the property to convey. He still held the equitable title, subject to the encumbrances, for the deed of trust had not then been foreclosed. That title he passed to and vested in the defendant. Is he not to be regarded as the grantor of that interest? As between Williams and the defendant they were dealing with the equitable title and nothing else. As respected the recorded condition of that title, was it not as much the business of the purchaser to search the record as though he had been negotiating for the legal title? Where is the difference in principle?

The case is confused by connecting Malkin with the transaction between Williams and the defendant, but he had no concern with the equitable title. That had passed from him and was beyond his control. For the purposes of this investigation the case stands substantially as though Williams had conveyed his equity by deed and Malkin had not conveyed at all. Suppose the transaction had taken that form, what would have been the rights and relations of the parties? Suppose, further, that the plaintiff had purchased at the trustee's sale under the deed of trust, just as the evidence shows he did, and the contest were between him and the defendant as to which of them held the equitable estate. In the condition of things supposed, we should have no concern with the legal title. That would be out of the case, and our attention would be directed to the equitable estate alone and the relations of the parties to that estate. The inquiry would be, who has the better title? Did the equity pass under the first deed, or under the second? Unquestionably the title passed by the first deed, as between Williams and his first grantor. A second deed could avail nothing as against the first, the first being of record, unless peculiar virtue was impressed upon the second conveyance in consequence of its being accompanied by the bond. Assume that the bond, in connection with the subsequent conveyance, carried the title as against the first, unless the second grantee had notice of the prior deed. This brings us back to the question of constructive notice evidenced by the record of the first conveyance. In dealing with equitable titles and interests in real property, is the purchaser bound at his peril to look into the state of his vendor's title as shown by the registry of deeds? I perceive no sufficient reason for making a distinction in this respect between legal and equitable estates. Under our system of registration, careful and prudent men, whether purchasing a legal or equitable interest in real property, search the records to ascertain the state of the vendor's title, and courts act upon the assumption that such searches are made.

In Leiby v. Wolf, 10 Ohio, 85, the court say: "Whenever the state of the title on record would lead a searcher of encumbrances, who was using common prudence and care in investigating the

title, to the knowledge of a fact, the law assumes that he acquired a knowledge of it. A purchaser, therefore, from Wolf" (the vendor), the court declares, "ought to have all conveyances from Wolf existing on record at the time of his purchase."

The principle announced by the Ohio court is a correct one, and I perceive no adequate ground for restricting its application to legal estates. I find no decided case where any such limitation has been made or suggested. An application of the principle to the facts detailed is decisive of the case now under consideration. If the defendant searched the record of deeds with common prudence and care, he must have found the deed of trust under which the plaintiff claims, and thus come to a knowledge of its contents. If he neglected to make such search he assumed the risk of it and must take the consequences.

It is no objection to this view that Williams had vested in himself no title of record. That happens more or less frequently in regard to legal as well as equitable estates. Titles are acquired as well by adverse possession as by deed. So, a party may hold a title in fee under an unrecorded deed. If a party has in fact a title, whether of record or not, he may encumber it, and that may be shown by the record. Prudent men will make the proper search preliminary to their purchases. The law presumes that they do so, and courts, as has already been remarked, act upon that presumption. This is the undisputed doctrine in relation to legal titles, and we are furnished with no decided case, dictum or reason, against applying the rule to equitable as well as legal titles and interests.

Parties acquire large interests in real property which are founded alone in equity. These interests, as has not been questioned, are vendible, and may be mortgaged, as real estate. Even the interest of a mortgagee may be mortgaged, and the mortgage of such interest is regarded as something more than the mere assignment of a chose in action. So it has been held that one in the possession of land under a contract of purchase, as was Williams in the case at bar, may mortgage the same, and his mortgagee may go on and complete the contract and take the title to himself. (See 2 Washb. Real Prop., 3d ed., p. 42, § 6, a;

Digman v. McCollum.

Whitney v. Buchman, 13 Cal. 536; Parkist v. Alexander, 1 Johns. Ch. 398–9; Henry v. Davis, 7 Johns. Ch. 40; Attorney-General v. Purmort, 5 Paige Ch. 620; 1 Sto. Eq., 9th ed., § 403, note 6.)

Williams, then, at the time he executed the deed of trust under which the plaintiff claims, had a mortgageable, equitable interest in the premises described in the deed. The deed was duly executed, acknowledged and recorded, and vested in the grantee the grantor's equitable title, subject to redemption. The instrument was placed on record for the purpose of giving to after-purchasers notice of the encumbrance. If the defendant searched the records, as a prudent man should, he must have acquired actual knowledge of the deed and its contents, as shown by the record. If he neglected this reasonable precautionary search, the consequences of that neglect he must bear. It would be unjust to visit them upon an innocent third party. The registry of the deed affected the defendant with constructive notice of its contents. He must be treated as having purchased with notice. The case was tried and decided upon an opposite theory. The judgment will therefore be reversed and the cause remanded. The other judges concur.