CEDAR COUNTY, *Appellant*, v. WILLIAMS.

**Swamp Lands:** STATUTORY LIEN OF COUNTY FOR PURCHASE MONEY : SUBSTITUTED BOND : PURCHASER WITH NOTICE. Cedar county sold certain swamp lands to M., taking his bond with security for the purchase money, and executing a deed reciting that fact. With the consent of the county, M. subsequently sold part of the land to W. who gave bond with security to the county for the price of his purchase, and the county accepted the same and gave M. credit on his bond for the amount. The laws under which the sale was made to M. authorized the taking of bond and security for the purchase money, and reserved a lien to secure the bond, which the county had no power to relinquish. Local Acts 1855, p. 350, ¿ 11; R. S. 1855, p. 1406, ¿ 6. In a suit brought by the county to subject the land sold to W. to the payment of his bond; *Held*, that under the foregoing statutes the county had a lien on the land to secure M.'s bond; that it had not, by accepting W.'s bond in satisfaction *pro tanto* of M.'s, lost or waived this lien ; that purchasers from W. necessarily took with notice of the county's rights; and that the lien could be enforced against the land in their hands.

*Appeal from Cedar Circuit Court.*—HON. J. D. PARKINSON, Judge.

REVERSED.

*R. F. Buller* and *J. E. Stephens* for appellant.

*M. D. Hoff* and *H. E. Howell* for respondent.

EWING, C.—Cedar county sold certain swamp lands to one Musgrove, who gave his bond and security for the purchase money, as required by law. Afterward, with the consent

of the county, Musgrove sold a part of it to the respond-
ent, Williams, for $421, who executed his bond to the county
for that amount with approved security for the payment of
the purchase money of the land he bought, which was ac-
cepted by the county and credit to that amount entered on
Musgrove's bond.    The other respondents, Abbott and
Johnson, bought the same land at execution sale against
Williams.    This bond not being paid, the county com-
menced suit on it to recover the purchase money, and alleged
that it was executed for the purchase money of the land
(describing it); that the deed to Musgrove showed on its
face that the land was sold on credit and that he had exe-
cuted his bond for the purchase money; setting up the
substitution of Williams' bond for so much of Musgrove's
bond, and asking that the land be sold to pay it, etc.    The
defendant Johnson answered denying the plaintiff's allega-
tions.    Abbott answered that he was the owner of the land
in fee; that he bought without any notice of any lien
claimed by plaintiff.    There was judgment by default
against Williams; trial and judgment for the defendants
Abbott and Johnson, and the county is here by appeal.

The question for consideration is:  Did the plaintiff
have a vendor's lien for the purchase money, under the
law; and if so, then was that lien lost or waived by any act
of the plaintiff or by operation of law?

There seems to have been some irregularity at least in
the manner of sale.    The law required the swamp lands to
be sold or offered for sale at specified times and place at
public vendue; (Local Acts 1855, p. 350, § 2;) whereas it
seems to have been at private sale, so far as the record
shows.    Then the law required the clerk to make a deed
when the purchase money should be fully paid; (Ib., p. 351,
§ 12;) whereas it was made by Horton as commissioner.
And there was a variance in the manner of sale in some
other respects.    But however that may be, the defendants
are in no condition to question the validity of the sale, be-

cause they claim under Musgrove, and if he had no title they had none.

Section 11 of the Local Acts 1855, page 350, reserves a lien to the county for the purchase money, which the county has no right or power to relinquish. *Answer to the Governor*, 37 Mo. 129 ; *Lewis v. Chapman*, 59 Mo. 371. By the act authorizing the sale, (§ 11, *supra*,) a statutory lien for the purchase money is reserved; and if the county could not directly relinquish such lien, was it lost or waived by anything subsequent to the sale ? The act authorized a sale by the county on credit. There could be no lien for the purchase money unless the sale was on credit. Section 12, page 351, Local Acts 1855, contemplates a sale on credit. Section 6, Revised Code 1855, page 1406, contemplates and provides for sales on credit ; which section is made applicable to swamp land sales by section 1, page 349, Local Acts 1855. The deed of Horton, county commissioner, to Musgrove, shows that Musgrove executed his bond for the payment of the purchase money, and an examination thereof by Abbott and Johnson would have shown them enough to put them upon inquiry. Inquiry would have shown them that this bond was credited by $421, and the county took Williams' bond, and held that against the land they bought from Williams. Hence, they cannot claim to be purchasers for value without notice. These deeds were immediately in the line of their title, which could not be examined without disclosing the fact that the land was swamp land purchased from the county ; that the county by law had a lien for the purchase money ; that it had not been paid, but was still shown by the records to be due. *Linville v. Savage*, 58 Mo. 248 ; *Scott v. McCullock*, 13 Mo. 13 ; *Digman v. McCollum*, 47 Mo. 372 ; *Speck v. Riggin*, 40 Mo. 405 ; *Adams v. Cowherd*, 30 Mo. 458 ; *Orrick v. Durham, ante*, p. 174. The circuit court should have found for the plaintiff and entered judgment subjecting the land to sale by special *fi. fa.* for the payment of the purchase money and interest as required by law. For failing to do

so the judgment below is reversed and the cause remanded, with direction to enter judgment in accordance with this opinion. PHILIPS, C., concurs; MARTIN, C., absent.