STATE OF MISSOURI, Respondent, v. J. R. WEYLAND, Appellant.

### Springfield Court of Appeals, February 7, 1910.

1. **CRIMINAL LAW: Dramshop Keeper: Selling Liquor on Sunday: Information.** An information charging defendant, a dramshop keeper, with selling liquor on Sunday examined and held not subject to objections that it did not state facts sufficient to constitute any offense and that two separate and distinct offenses were charged in the same count.

2. ———: ———: ———: **Rearragnment not Necessary After Motion to Quash is Overruled.** Defendant, a dramshop keeper, was charged under an information with selling liquor on Sunday. He filed a motion to quash the information which was overruled. *Held*, it was not necessary that he be rearraigned after the motion to quash was overruled.

Appeal from Jasper Circuit Court.—*Hon. Howard Gray*, Judge.

AFFIRMED.

*T. C. Tadlock* for appellent.

*B. H. Coon* for respondent.

NIXON, P. J.—The appellant was prosecuted on the following information (formal parts omitted):

"W. N. Andrews, prosecuting attorney within and for the county of Jasper and State of Missouri, upon his official oath informs the court and charges that J. R. Weyland, whose given name is to this prosecuting attorney unknown, at the county of Jasper and State of Missouri, on or about the 17th day of June, 1906, said day being the first day of the week, commonly called Sunday, he the said J. R. Weyland, being then and there a dramshop keeper, and then and there keeping and operating a dramshop, on lot No. 1 original town of Murphysburg, now the city of Joplin, Missouri, he, the said J. R. Wayland, did then and there unlawfully and wilfully sell, give away and otherwise dispose of, upon and about his said premises and dramshop, then and there situate intoxicating liquors, to-wit: divers glasses and bottles of beer and divers bottles of whiskey, against the peace and dignity of the State."

Appellant afterwards filed a motion to quash such information, which is as follows (formal parts omitted):

"Comes now J. R. Weyland, defendant in the above entitled cause and moves the court to quash the information filed herein for the following reasons: 1st. For the reason that said information does not contain facts sufficient to constitute any offense under the laws of this State. 2d. For the reason that there are two separate and distinct offenses charged in the same count of the information."

This motion was by the trial court overruled. The appellant thereupon had a trial by jury which found him guilty and assessed his punishment at a fine of fifty dollars, from which he has perfected his appeal.

There were no briefs filed in the case and it is our duty to consider the record. As a ground for new trial, appellant assigned that the court erred in overruling his motion to quash the information in this case. The

motion to quash, as shown above, charged that the information did not contain facts sufficient to constitute an offense and that it contained two separate and distinct offenses in the same count.

It will be seen from the information that the appellant is charged with having on the first day of the week, commonly called Sunday, he then and there being a dramshop keeper, kept open and in operation a dramshop under license and unlawfully selling, giving away or otherwise disposing of intoxicating liquors on the premises where his dramshop was kept. The objections to the information are wholly without merit and the trial court committed no error in overruling the motion to quash.

One of the grounds set forth in the motion in arrest of judgment was that defendant was not rearraigned after his motion to quash the information had been overruled. This objection is also without substance. [State v. Zimmerman (decided at this term), 123 S. W. 67; State v. Reeves, 97 Mo. l. c. 672, 10 S. W. 841; State v. Gieseke, 209 Mo. l. c. 340, 108 S. W. 625; State v. Meagher, 49 Mo. App. 571.]

The judgment of the trial court is accordingly affirmed. *Cox, J.,* concurs. *Gray, J.,* having presided as judge in the trial court, did not sit.