## WHITNEY v. BUCKMAN.

That property mortgaged is so indefinitely described as not to pass title by sale on foreclosure, is no objection to the enforcement of the mortgage against the mortgagor.

Where the description was, that " certain tract or parcel of land situated in said county of Napa, consisting of a pre-emption claim of one hundred and sixty acres, and commonly known as the 'Soda Springs,' and embracing the said springs, and the improvements thereunto belonging, and being about five miles from Napa City, in a northerly direction, together with all and singular the tenements," etc. ; *Held*, to be *prima facie* sufficient.

The right to a pre-emption in public land is not assignable; but the possession of public land, whether taken for the purpose of getting a pre-emption right, or any other purpose, or the land itself, may be mortgaged ; and if the mortgagee gets no title through the mortgage, this is not an objection to be raised by the man who makes it.

If a mortgage under seal expressly declares and recites an indebtedness, this is sufficient evidence of the indebtedness in a foreclosure suit.  No law requires any note, bond, or the like, in addition to such a mortgage.

An affidavit by defendant, in effect acknowledging the debt for which suit is brought, is admissible in evidence for plaintiff, though made in a former suit between the parties.  And although the affidavit was unnecessary, still, this being an equity case, defendant cannot complain that plaintiff proved his case too clearly, or introduced redundant testimony, because the mortgage was uncontradicted and conclusively established the debt.

Errors in the computation of interest should be corrected by motion, in the Court below.

Appeal from the Seventh District.

Bill to foreclose a mortgage executed by defendant to Sullivan & Allen, and by them assigned to plaintiff.   The mortgage runs, that the defendant, "for and in consideration of the sum of ten thousand dollars, to him, defendant, in hand paid by the parties of the second part, Sullivan & Allen, doth grant, bargain, sell, and confirm, unto the said parties of the second part, etc. all the undivided one-half of all that certain tract or parcel of land situated in said county of Napa, consisting of a pre-emption claim of one hundred and sixty acres, and commonly known as the 'Soda Springs,' and embracing the said springs and the improvements thereunto belonging, and being about five miles from Napa City, in a northerly direction, together with all and singular the tenements," etc.

" This conveyance is intended as a mortgage to secure the payment of ten thousand dollars, payable two years from date, with interest at the rate of two per cent. per month, interest payable annually, and if not paid at the expiration of the first year, to be added to, and become a part of, the principal, and thereafter to bear the same rate of interest."

To this complaint the defendant demurred : 1. Statute of Limitation.    2. Insufficient allegations to constitute a cause of action.

The Court overruled the demurrer, and defendant filed his answer verified, containing: 1st. A general denial of every allegation in the complaint, except the execution of the mortgage. 2d. A special denial of any indebtedness or consideration whatever for said mortgage.   3d. A denial of any promise by defendant to pay said sum of ten thousand dollars, or any part thereof.   4th. The Statute of Limitations.

Upon the trial, plaintiff offered in evidence, the mortgage with the assignment to him ; an affidavit of defendant made by him for the purpose of obtaining a discharge of an attachment levied upon his property at the instance of the plaintiff in another action ; and a letter from defendant to E. L. Sullivan, both, in effect, acknowledging this mortgage debt.

Plaintiff rested.

Whereupon defendant moved the Court to dismiss plaintiff's bill, upon the following grounds :

1st. Because the mortgage is upon a pre-emption claim, and is therefore null and void.

2d. Because it does not describe the lands either by metes and bounds, or any other such description as would enable the Court to enter a decree of sale thereof; nor does the complaint contain any better description or location of the same.   Neither has plaintiff attempted to locate said land by testimony, or to show that the land by the name of "Soda Springs," has any existence or location in fact, or that there are any boundaries whatever' to the same.

3d. Because there is no proof of any consideration for the execution of said mortgage, other than the recital in said complaint and mortgage, defendant in his answer having plead want of consideration, under oath.

4th. Because plaintiff has failed to show the existence of any debt whatever.

5th. Because if there was any debt existing at the time of the execution of the mortgage, more than two years having elapsed before the commencement of the action, plaintiff was precluded from recovering.

6th. Because plaintiff having failed to prove a transfer of the

35

debt, a transfer of the mortgage alone, conferred no right of action on the plaintiff.

The Court overruled the motion, and entered judgment for plaintiff.

Defendant appeals.

*Langdon, Hopkins & Pond,* for Appellant.

1. The mortgage contained no sufficient description of the premises. 2. The mortgage of a pre-emption claim is null and void. (7 Smedes & Marsh. 234; Act of Congress, March 3d, 1853; Act of March 1st, 1854.) Under this Act, this mortgage is also void, because under the Act of Congress, 1811, Sec. 12, "all assignments and transfers of the right hereby secured, prior to the issuing of the patent shall be null and void." (*Brislois* v. *Sibley et al.* 1 Minn. 230; *Dillingham* v. *Fisher,* 5 Wis. 475; *Hudson* v. *Milner,* 12 Ala. 659.)

*A. Thomas,* for Respondent.

1. A bond or covenant to pay, is not essential to a mortgage. (4 Kent, 145; *King* v. *King,* 3 P. Wm. 358; *Mellar* v. *Lees,* 2 Atk. 494; *Elder* v. *Rose,* 15 Wend. 218; 10 Id. 675; 2 Bac. Abr. 279; 2 Cow. 536; 1 Chitty, 101, 102, 299, 346; *Congor* v. *Lancaster,* 6 Yerg. 477; *McCarty* v. *Beach,* 10 Cal. 461; *Tartar* v. *Hall,* 3 Id. 263; Chitty, 101, 102, 299, 346.)

2. Defendant is estopped from setting up that the mortgage is void, because of insufficient description, or because it is upon a pre-emption claim. (3 Cal. 263; 4 Id. 247; *Houseman* v. *Chase et al.* 12 Id.)

BALDWIN, J. delivered the opinion of the Court—TERRY, C. J. concurring.

There are no merits in this appeal, either in justice or in law.

1. If the property is indefinitely described, so that no title could pass from the sale on foreclosure, this defect is as much the fault of the maker as the taker of the mortgage; and it is no just objection on the part of the mortgagor, that the mortgagee has got, or will get, nothing from the security. We think, however, the property *prima facie* is sufficiently described.

2. There is nothing in the fact that this is public land. We

have recognized the title, resting on possession in public land, in cases innumerable; all the ditch and mining claims in the State rest on the same basis. The mortgage does not pretend to transfer to the mortgagee the right to a pre-emption; this is not assignable, but the possession of public land, whether taken for the purpose of getting a *pre-emption* right, or any other purpose, may be mortgaged, or the land itself; and if the mortgagee gets no title through the mortgage, this is not an objection to be raised by the man who makes it.

3. The mortgage expressly recites and declares an indebtedness. This is evidence, under the seal of the party, that there existed that indebtedness, at least for the purpose of the foreclosure of the security, unless, indeed, we should hold that if a man says, in a casual conversation, he owes another money, that declaration is evidence of the debt; but if he solemnly asserts it under seal, it is not. The mortgage does not show that any separate paper evidencing the debt—as a note or bond—was ever executed; and we know of no authority which requires it.

4. The affidavit and letter of defendant, acknowledging, in effect, the debt, though unnecessary, were admissible; but the evidence was conclusive without these proofs, and the defendant, in an equity case, cannot complain that his adversary proved his case too clearly, or introduced redundant testimony, when there is no contradiction of that which sufficiently establishes the fact. If the proof were wholly inadmissible in such a case as this—the mortgage uncontradicted establishing conclusively the debt—we should not reverse for the cause assigned.

5. The Statute of Limitations had nothing to do with the case. The mortgage shows a debt due within the statute period.

6. If there was error in the computation of interest, the defendant should have moved to correct it below. But we are not satisfied there was such error. If we were, we would not be disposed to correct the decree on account of it, but should permit it to stand, leaving the excess over the proper amount to go as compensation to the Respondent on account of this appeal.

Decree affirmed.

See *Tryon* v. *Sutton et al.* (*ante.*)