[Civil No. 603. Filed April 16, 1898.]

[52 Pac. 1125.]

H. H. PILLING et al., Defendants and Appellants, v. THE ST. LOUIS REFRIGERATOR AND WOODEN-GUTTER COMPANY, a corporation, Plaintiff and Appellee.

1. OPEN ACCOUNTS—PLEADING—ANSWER—VERIFICATION—GUARANTORS— REV. STATS. ARIZ. 1887, PAR. 1880, INAPPLICABLE.—Paragraph 1880, *supra,* providing that when any action or defense is founded upon an open account, supported by the affidavit of the party, the same shall be taken as *prima facie* evidence thereof, unless the defendant shall file a written denial under oath, and where the defendant fails to file such affidavit he shall not be permitted to deny the account, is not applicable as against guarantors upon an open account.

2. PLEADING — ANSWER — VERIFICATION — DENIAL OF CONTRACT NOT ALLEGED TO BE IN WRITING—REV. STATS. ARIZ. 1887, PAR. 735, CONSTRUED.—Paragraph 735, *supra,* providing that any answer setting up a denial of the execution of any instrument in writing upon which any pleading is founded in whole or in part, and charged to have been executed by him or his authority, shall be verified by affidavit, does not require the verification of an answer to a com-

plaint which fails to set up a written contract either *in extenso* or in substance with the allegation of its execution, though the contract alleged by its nature would have to be in writing.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. J. D. Bethune, Judge. Reversed.

The facts are stated in the opinion.

Charles Blenman, for Appellants.

Barnes & Martin, for Appellee.

STREET, C. J.—The St. Louis Refrigerator and Wooden-Gutter Company, a corporation, the appellee herein, brought an action in the district court of Pima County against the appellants herein to recover a balance due upon an account in the sum of $332.53, which the firm of Holmes & Drachman were owing them. Plaintiff alleged in its complaint that the defendants had entered into a contract with plaintiff to be responsible for and guaranty the payment of the account. The complaint itself was not verified, but the account attached to the complaint was sworn to by plaintiff under paragraph 1880 of the Revised Statutes of Arizona. The defendants answered the complaint, denying all of the allegations of the complaint, and denying any contract with the plaintiff to become responsible for the account or surety for Holmes & Drachman.

Paragraph 1880 of the Revised Statutes of Arizona reads as follows: "When any action or defense is founded upon an open account supported by the affidavit of the party, his agent or attorney, taken before some officer authorized to administer oaths, to the effect that such account is, within the knowledge of the affiant, just and true, that it is due, and that all just and lawful offsets, payments, and credits have been allowed, the same shall be taken as *prima facie* evidence thereof, unless the defendant shall, at least one day before the trial, file a written denial under oath, stating that such account is not just or true in whole or in part, and if in part only, stating the items and particulars which are unjust. Where he fails to file such affidavit he shall not be permitted to deny the account or any item therein, as the case may be."

Judgment was rendered for the plaintiff on the pleadings, and the only question for this court to determine is whether the court committed error in rendering judgment against these defendants under that statute. The statute is intended to regulate the introduction of evidence on open accounts between debtor and creditor, and had Holmes & Drachman, who were the primal debtors, been the defendants to the action in the place of these defendants, the statute would have applied. But the plaintiff alleged a contract between itself and the defendants, wherein the defendants were to become responsible for any account of Holmes & Drachman, and it became necessary for plaintiff to prove that contract, which it did not do, but relied upon paragraph 735 of the Revised Statutes of Arizona, which provides that any answer setting up a denial of the execution of any instrument in writing upon which any pleading is founded, in whole or in part, and charged to have been executed by him or his authority, shall be verified by affidavit; and plaintiff argues that since its complaint alleges a contract which by its nature would have to be in writing, the defendants would have to deny the execution of such contract. That is going far beyond the contemplation of the statute. While it is well settled that in an action upon a promise to answer for the debt or default of another it is not necessary for the complaint to aver that the promise was in writing, yet before the defendant can be called upon to verify an answer denying the execution of any instrument, the instrument must be declared upon. If plaintiff in its complaint had set up a written contract either *in extenso* or in substance with the allegation of its execution, the defendants would have been required to have denied the execution under a sworn answer, or else have suffered the execution of the instrument to stand as confessed. But in this case there was no verification of the complaint; there was no setting out of the written instrument upon which it sought to hold the defendants, but it only set out an open account, and contented itself with having an affidavit to that account alone. To have called upon these defendants to have denied specifically under oath the account which existed between the plaintiff and some one else would have been requiring the defendants to swear to matters outside of their own personal knowledge, before being permitted to make any defense to it.

The case of *McCamant* v. *Batsell,* 59 Tex. 363-371, cited by
the appellants in their brief, is quite conclusive of the ques-
tion.    The case discusses the applicability of article 2266 of
the Revised Statutes of Texas, 1879, of which paragraph 1880
of the Revised Statutes of Arizona is a copy, to the situation
of parties standing in the same relation to each other as the
plaintiff and defendants in this case stand towards each other
and towards the primal debtors.    The judgment of the district
court is reversed and the case remanded for a new trial.

Sloan, J., Davis, J., and Doan, J., concur.