## RODDY v. ALLEN. (No. 7198.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 15, 1924. Rehearing Denied Dec 17, 1924.)

**1. Account, action on ⬤⟿13—Petition with account annexed held to state cause of action within rule.**

Where petition with account annexed did not base recovery on sworn account entirely, and contained allegations sufficient without it, under Rules for District and County Courts, rule 19, and Rev. St. art. 3712, it was good as against general demurrer.

**2. Appeal and error ⬤⟿907(3)—Assumed, in absence of facts, that evidence sustained judgment.**

Where there was evidence introduced at trial, in absence of statement of facts, it must be assumed on appeal that there was ample proof to sustain judgment.

Appeal from Hidalgo County Court; J. C. Epperson, Judge.

Action by George Allen against H. H. Roddy. Judgment for plaintiff, and defendant appeals. Affirmed.

McDaniels & Bounds, of McAllen, for appellant.

D. F. Strickland, of Mission, for appellee.

COBBS, J. George Allen, appellee, filed this suit against H. H. Roddy, appellant, alleging that on the 1st day of July, 1922, plaintiff was employed by defendant to purchase cotton for said defendant, and for his services to said defendant was to receive the sum of $1 for each bale of cotton purchased by him; and further alleging that plaintiff performed. that service from July 1, 1922, until December, 1922, and that defendant is indebted to plaintiff in the sum of $800, which is more fully set out in an itemized, verified account, attached as an exhibit to the petition and made a part thereof. The items set forth in the sworn account are as follows:

"October 14, 1922. Commission on 800 bales
of cotton .......... ... ............. ..... $ 800 00
October 17, 1922. Commission on 100 bales
of cotton .. .. . ......... .... ..... ...... 100 00
October 25, 1922. Commission on 100 bales
of cotton ...... ...... ...... ............ 100 00
                                         ————
                                         $1,000 00
October 23, 1922. By cash............ $100 00
November 11, 1922. By cash......... 100 00   200 00
                                         ————
Balance due .. .............................. $ 800 00

"All of the 1,000 bales cotton above described and set forth being purchased from Arcadio Guerra & Co."

Appellant answered by general demurrer and two special exceptions, one going to the sufficiency of the pleading as a suit upon a sworn account, and the other special exception attacking the petition because the same was too general, vague, and indefinite. The court sustained the first special exception, and ruled that the account attached was not a proper subject for a suit upon a sworn account, and therefore held that the suit was not a suit on a sworn account, and the appellee refused to amend, but took the position that the petition stated a good cause of action as tested by the general demurrer and by the other special exception, as set out, and that the purported account attached should be considered as an ordinary exhibit to pleadings, under rule 19 of the Rules for District and County Courts; and the court proceeded with the trial of the case, and held that said petition did state a good cause of action, as tested by the general demurrer and the other special exception; and the court proceeded with the trial, and the same was tried before a jury; and it was explained to the jury that the suit was not a suit upon a sworn account, and that the affidavit thereto would have no force and effect. From a verdict and judgment in favor of appellee for the sum of $800, appellant, Roddy, has prosecuted this appeal.

Appellant states in the brief that there was much conflict of evidence, but no statement of facts was prepared and filed, and the case is before this court only on the transcript as to the sufficiency of the plaintiff's pleading to state a cause of action.

[1] Appellant's first proposition is that exhibits will not relieve the pleader from making the proper allegations of which said exhibits may be the evidence, in whole or in part. While that perhaps is true, yet they may be considered in connection therewith, where, as in this case, there are allegations to state a cause of action good against demurrer.

There is nothing in the pleading to show that the recovery is based upon the sworn account entirely. If it was, the court in effect told the jury they could not look to that as any evidence of debt. Article 3712, R. S., referred to by appellant, is as follows:

"When any action or defense is founded upon an open account, supported by the affidavit of the party, his agent or attorney, taken before some officer authorized to administer oaths, to the effect that such account is, within the knowledge of affiant, just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed, the same shall be taken as prima facie evidence thereof, unless the party resisting such claim shall, before an announcement of ready for trial in said cause, file a written denial, under oath, stating that such account is not just or true, in whole or in part, and if in part only stating the items and particulars which are unjust; provided, that, when such counter affidavit shall be filed on the day of the trial, the party claiming un-

der such verified account shall have the right to continue such cause until the next term of court; when he fails to file such affidavit, he shall not be permitted to deny the account, or any item therein as the case may be."

It appears from the pleading and the affidavit that the account arose as the result of a contract, and would come within the purview and within the meaning of the law. Davidson v. McCall Co. (Tex. Civ. App.) 95 S. W. 33. The account as evidence did not cut any particular part in the recovery. While it aided the pleading somewhat, the pleading was good without it, and it was used for no other purpose, because proof of the account was presented to the jury. Gustafson v. Zunker (Tex. Civ. App.) 257 S. W. 1114. We do not think the court erred in its ruling.

[2] There was evidence introduced on the trial of the cause, and, in the absence of any statement of facts, we must assume there was ample proof to sustain the judgment of the court.

The assignments are overruled, and the judgment of the trial court is affirmed.