[Civil No. 2437.  Filed April 24, 1926.]

[245 Pac. 354.]

## B. F. SAYLOR, Appellant, v. J. F. HAWES, Appellee.

1. ACCOUNT, ACTION ON—TERM "ACCOUNT," IN STATUTE MAKING AN ACCOUNT PRIMA FACIE EVIDENCE OF ITS CORRECTNESS, APPLIES WHERE RELATION OF DEBTOR AND CREDITOR IS CREATED BY GENERAL COURSE OF DEALING, AND NOT TO AN ISOLATED TRANSACTION RESTING ON SPECIAL CONTRACT (CIV. CODE 1887, PAR. 1755).— In Civil Code of 1887, paragraph 1755, making an account supported by affidavit *prima facie* evidence of its correctness in certain cases, the term "account" is used in popular sense, applying to transactions in which, by sale and purchase, relation of debtor and creditor is created by general course of dealing, and does not apply to one or more isolated transactions resting on special contract.

---

1. What constitutes an account, see note in 27 L. R. A. 811.

2. PLEADING—ANSWER SETTING UP DETAILED STATEMENT SHOWING BALANCE DUE PLAINTIFF HELD DEFENSIVE MATTER DEEMED DENIED, AND NOT AN ACCOUNT CONCLUSIVE IF ITS RECITALS WERE NOT DENIED UNDER OATH IN WRITING (CIV. CODE 1887, PAR. 1755).—In action for accounting and recovery of share of crops, answer setting up detailed statement showing specified balance due plaintiff is defensive matter deemed denied, and does not come within Civil Code of 1887, paragraph 1755, making an account conclusive of its recitals where not denied under oath in writing.

3. APPEAL AND ERROR.—Issues of fact, in action for services in raising crop, supported by substantial evidence, will not be considered *de novo* by Supreme Court.

4. ACCOUNT—DEFENDANT LIABLE TO PLAINTIFF FOR PERCENTAGE OF PROCEEDS OF CROP MAY BE CREDITED WITH INTEREST ON NOTE FOR ADVANCES ON CROP ONLY UP TO DATE WHEN HE SHOULD HAVE SETTLED WITH PLAINTIFF.—In action for accounting and share of crops, defendant may be credited with interest on note to bank for balance between advances made and amount realized on crop only up to date when he should have settled with plaintiff, and not to date of filing suit.

5. COSTS—MODIFICATION OF JUDGMENT NECESSITATED BY CLERICAL ERROR OF COURT, NOT NOTICED AT TIME, HELD NOT TO ENTITLE APPELLANT TO COSTS.—Erroneous allowance of interest item which no effort was made to correct in lower court *held* not to entitle appellant to costs.

6. EVIDENCE—WRITTEN MEMORANDUM OF ORAL CONTRACT, PREPARED SEVERAL DAYS THEREAFTER, AND NOT TESTIFIED TO AS AN ACCURATE STATEMENT OF THE FACTS, IS A SELF-SERVING DECLARATION AND INADMISSIBLE.—Written memorandum of oral contract, prepared by defendant several days thereafter, which defendant did not testify was an accurate statement of the facts, is a self-serving declaration and inadmissible in evidence.

See (1) 1 C. J., p. 650, n. 37.    (2) 31 Cyc., p. 242, n. 56.    (3) 4 C. J., p. 878, n. 82.    (4) 17 C. J., p. 383, n. 70 New.    (5) 15 C. J., p. 254, n. 8.    (6) 22 C. J., p. 220, n. 26, p. 221, n. 27; 40 Cyc., p. 2448, n. 70, p. 2452, n. 98, 99, p. 2453, n. 2, 3.

APPEAL from a judgment of the Superior Court of the County of Maricopa. Dudley W. Windes, Judge. Affirmed.

5.  See 2 R. C. L. 84.
6.  See 1 R. C. L. 470.

Mr. Chas. Woolf, for Appellant.

Messrs. Silverthorn & Van Spanckeren, for Appellee.

JONES, Superior Judge.—Hawes, appellee, plaintiff below, brought this action against Saylor, appellant, defendant below alleging that pursuant to an oral contract between the parties he had rendered services for Saylor in raising a cotton crop on two separate parcels of land, for which services he was to receive one-eighth of the proceeds of the crop after deducting expenses of picking and marketing; that after performance of such services, Saylor sold the cotton, but failed to account to Hawes for his agreed interest. An accounting was asked and judgment prayed for the amount found due Hawes.

Saylor answered, setting up in detail prices received and expenses incurred in the sale of the cotton, and payments theretofore made on account to the plaintiff, leaving a balance admittedly due to plaintiff of $328.46.

No reply was filed, but plaintiff at the trial attacked the figures in several particulars, of which those now important are: First, he insisted that he was entitled to one-eighth of the harvest of both tracts, whereas defendant allowed him one-eighth of one tract and one-sixteenth of the other; second, that an item of payment by Saylor to Hawes was improper because involved in another independent transaction between the two men; third, that Saylor improperly took credit for pasturage to certain animals of Hawes; and, fourth, that he improperly took credit for interest on a note executed by Saylor to an eastern bank, which note represented the balance between an advance made by the bank to Saylor on the cotton and the amount realized therefor at the market.

The court, sitting as the trier of facts, sustained plaintiff's position in each of these four particulars and entered judgment for the sum of $669.50.

Appellant's first assignment of error is that the statement of receipts and expenditures set up in his answer meets the requirements of paragraph 1755 of the Civil Code, and, not being controverted as therein provided, should have been accepted by the court as conclusive of its recitals. This paragraph is an early adoption from Texas, and reads as follows:

"When any action or defense is founded upon an open account, supported by the affidavit of the party, his agent or attorney, taken before some officer authorized to administer oaths, to the effect that such account is, within the knowledge of the affiant, just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed, the same shall be taken as *prima facie* evidence thereof, unless the defendant shall, at least one day before the trial, file a written denial under oath, stating that such account is not just or true in whole or in part, and if in part only, stating the items and particulars which are unjust. Where he fails to file such affidavit he shall not be permitted to deny the account or any item therein, as the case may be."

Before its incorporation in our Code of 1887, this statute had been construed several times by the Texas courts, and in *McCamant* v. *Batsell*, 59 Tex. 363, the Supreme Court of that state said:

"As used in the statutes of this state, in act referred to, we believe that the word 'account' is used in its popular sense, rather than in a technical sense, and that it applies to transactions between persons in which, by sale upon the one side and purchase upon the other, the title to personal property passes from the one to the other, and the relation of debtor and creditor is thereby created by general course of dealing; and that it does not mean one or more isolated transactions resting upon special contract."

The case last cited is the leading case in Texas on the subject and has never been overruled or modified by any decision of the highest court of that state. Nor do we think the two cases decided by the Court of Civil Appeals (*Davidson* v. *McCall Co.* (Tex. Civ.), 95 S. W. 32, and *Roddy* v. *Allen* (Tex. Civ.), 266 S. W. 563) should be construed as a modification of the doctrine of this case, not only because they are by an intermediate court of appeals, but because no reference was made in either to the McCamant case. The construction put upon the statute by the Texas Supreme Court prior to our adoption of it, whether absolutely controlling or not, appears to us to be correct, and we approve it. The McCamant case has also been approved by the territorial Supreme Court in *Pilling* v. *St. Louis Refrigerator Co.*, 5 Ariz. 377, 52 Pac. 1125, in a case involving a somewhat different application of this statute.

We think this case is governed by the general rule that defensive matter in an answer is deemed denied.

The second assignment is that the court erred in finding that the plaintiff was entitled to one-eighth of the cotton raised on the tract in which the defendant had but a one-half interest; the contention being that plaintiff should have received one-eighth of one-half of such harvest, or one-sixteenth of the whole. And the third assignment is that the court should have allowed defendant credit for the pasturage of certain animals. In each instance plaintiff's evidence tended to support the negative of defendant's contentions, and if believed absolved plaintiff from liability. The court upon substantial evidence found for the plaintiff, and we will not consider the questions *de novo*.

The fourth assignment involves the interest item above noted. When the defendant shipped the cotton

in 1920, an advance was made to Saylor on its expected proceeds by an eastern bank; but an insufficient amount was realized from the sale to take care of the advance, and Saylor remained indebted on a note to the bank bearing interest at eight per cent per annum from October 29, 1924. The court below allowed defendant credit against the bank's advance for the principal sum of the note, but disallowed interest thereon from October 29, 1924, to February 17, 1925, the date the answer was filed. The defendant should have settled with plaintiff, if not months before, at least by October 29, 1924. Had he done so at that time, he could have been credited with plaintiff's proportion of the principal sum of the note. It is fair to the defendant to adjust matters as of that time, and the action of the court was correct.

But in disallowing this item of interest ($20.34) a clerical mistake occurred. The plaintiff had only been charged with $2.54, or one-eighth of this item, in the statement of defendant which was used as a basis of calculation, and should have been credited with a like amount. Instead, he was credited with $20.34; consequently the judgment is excessive in the sum of $17.80. The appellant insists that the error was one of judgment and not merely clerical. We think otherwise. In disallowing this item, the court erroneously placed the entire amount in the plaintiff's credit column. Had the matter been called to his attention, it would certainly have been corrected. Since the record fails to show any effort to do so, we think that the fact that the judgment should be modified in the amount mentioned does not entitle appellant to costs. 2 R. C. L., p. 84; *United States F. & G. Co.* v. *Cal.-Ariz. Const. Co.,* 21 Ariz. 172, 192, 186 Pac. 502, 509; *Howard* v. *Richards,* 2 Nev. 128, 90 Am. Dec. 520. Indeed some authorities go so far as to disregard clerical errors involving small items of

this sort (*Guy* v. *Franklin,* 5 Cal. 416; *Whitney* v. *Buckman,* 13 Cal. 536), unless called specifically to the attention of the trial court, and we would perhaps be justified in following that course; but we have felt it our duty to allow the deduction.

The fifth assignment is that the court improperly rejected a written memorandum of the oral contract which defendant prepared several days thereafter. It was not claimed that the plaintiff had seen or approved the writing. It was offered in connection with the testimony of Saylor, who testified without hesitancy and fully as to the terms agreed upon. The language of the writing, if competent, no doubt did corroborate to some slight extent his version of the understanding. He did not testify, however, that the memorandum was a correct representation of the facts, nor anything more than that he had written it about the time the oral contract was made.

We are not confronted with the problem of choosing between those authorities which would exclude such memoranda unless the witness is unable to recall the facts (of course, the witness may use the writing to refresh his memory), and Mr. Wigmore (Evidence, 2d ed., 738), who would admit the same regardless of present ability to testify because, being earlier in point of time, the probability of accuracy is greater than that of recollection at the time of trial, for the reason that all the authorities require that the witness testify that the memorandum is an accurate statement of the facts. That testimony not being offered here, the writing did not rise above an objectionable self-serving declaration.

The judgment is affirmed in the sum of $651.70, effective as of its original date, with costs to appellee.

McALISTER, C. J., and ROSS, J., concur.