426 P.2d 671

Emma WENRICH, an unmarried woman, Appellant,

v.

HOUSEHOLD FINANCE CORPORATION, a corporation, Appellee.

2 CA–CIV 333.

Court of Appeals of Arizona.

April 14, 1967.

**336**

Jose del Castillo, Tucson, for appellant.
Nolen L. McLean, Tucson, for appellee.

MOLLOY, Judge.

The lower court has granted judgment on the pleadings for the plaintiff in an action in which the complaint was denominated "In Contract," but in which the allegations of the complaint were to the effect that the defendant by fraudulent representations had induced the plaintiff to make a personal loan to the defendant.

In paragraph 4 of the complaint, it was alleged that the personal loan so made "* * * was evidenced by a promissory note of said defendant, dated July 30, 1965." The complaint had previously alleged that the fraudulent representations were in the form of a written financial statement which the defendant had executed and issued. The complaint further alleged that the defendant was discharged in bankruptcy on October 25, 1965, but that the debt in question was not dischargeable under § 17 of the Bankruptcy Act (11 U.S.C.A. § 35) because of the fraud of the defendant as alleged in the complaint.

An unverified answer was filed in which the defendant denied all allegations above referred to, with the exception that the defendant admitted and affirmatively alleged that she had been discharged in bankruptcy. Despite these denials, the defendant referred in her answer to an "indebtedness" owing to the plaintiff, and alleged that the "* * * list of indebtedness * * *" given to the plaintiff was not made to deceive or to defraud the plaintiff.[1] Affirmatively, the defendant alleged that the plaintiff had made "* * * said loan on the basis of past dealing between the parties"; "that plaintiff has been and is guilty of unscrupulous conduct, in that it encouraged defendant to file with it an inexact, incomplete list of creditors or indebtedness, with a view of accusing defendant later on [sic] the event she would file a petition in bankruptcy"; "that the plaintiff knew at the time when the list of creditors or indebtedness was made that it was incomplete, or inaccurate * * *"; and "that plaintiff knowingly and premidatedly [sic] made such arrangements calculated to cheat and to defraud defendant's other creditors, on [sic] the event defendant should file a petition in bankruptcy, by bringing an action lacking bonafides [sic]."

---

1. The answer filed, which is signed by defendant's counsel, would appear to be a violation by counsel of his avowal to the court that there is good ground to support the denials of the execution of the promissory note and the written financial statement. In this connection, we quote, in part, from Rule 11(a) Rules of Civil Procedure:

"The signature of an attorney constitutes a certificate by him that he has read the pleading, that to the best of his knowledge, information, and belief there is good ground to support it, and that it is not interposed for delay. * * * For a wilful violation of this rule an attorney may be subjected to appropriate disciplinary action."
16 A.R.S. Rules of Civil Procedure.

After the filing of this answer, the plaintiff made a motion for judgment on the pleadings contending that the answer did not comply with the following quoted requirement from our Rules of Civil Procedure:

"Any responsive pleading setting up any of the following matters, unless the truth of the pleading appears of record, shall be verified by affidavit:

\* \* \* \* \* \*

"6. A denial of the execution by the defendant or by his authority of any instrument in writing upon which any pleading is based, in whole or in part, and alleged to have been executed by him or by his authority, and not alleged to be lost or destroyed. When the instrument is alleged to have been executed by a person then deceased, the affidavit may state that the affiant has reason to believe, and does believe, that such instrument was not executed by the decedent or by his authority." 16 A.R.S. Rule 9(i) (6), Rules of Civil Procedure.

It is a close question as to whether the complaint in this action sufficiently set forth the execution of certain written instruments by the defendant so as to require the defendant to verify her answer denying the execution thereof. The subject rule has been a part of our court-pleading practice at least since 1887, the substance of the above-quoted rule being then contained within § 735 of the Revised Code of 1887. An early decision, still the only apposite decision in this jurisdiction, construed this rule in the following language:

" \* \* \* yet, before the defendant can be called upon to verify an answer denying the execution of any instrument, the instrument must be declared upon. If plaintiff in its complaint had set up a written contract *either in extenso* or *in substance* with the allegation of its execution, the defendants would have been required to have denied the execution under a sworn answer, or *else have suffered the execution of the instrument to stand as confessed.*" (Emphasis added) Pilling

v. St. Louis Refrigerator, etc., Co., 5 Ariz. 377, 379, 52 P. 1125 (1898).

Beyond giving the date and the amount of the alleged promissory note, there is no other allegation in the complaint as to what the promissory note contained. As to the financial statement, the complaint only gives the total amount of the indebtedness reportedly listed by the defendant, without any itemization.

Whether such allegations are sufficient to invoke the requirements of the subject rule, we do not decide, because the answer setting up the defense of a discharge in bankruptcy and denying the fraud alleged in the plaintiff's complaint precludes the entry of a judgment on the pleadings. The subject rule provides no penalty for failure to comply therewith, and the cases construing the rule have uniformly indicated that the penalty for failure to comply is an admission by the party so in default of the allegation that the written instrument in question was duly executed by the person charged therewith. This is expressed in the *Pilling* decision, supra, in that portion of the above quotation which is emphasized. In accord are the decisions of City of Phoenix v. Linsenmeyer, 86 Ariz. 328, 333, 346 P.2d 140 (1959); Mendez v. Moya, 54 Ariz. 44, 50, 91 P.2d 870 (1939).

Assuming, arguendo, the execution of the promissory note and financial statement as alleged in plaintiff's complaint, these alone do not support the recovery by the plaintiff in view of the admitted discharge in bankruptcy:

"Under the 1960 amendment as to the exception of the liability from discharge, the creditor must show that the financial statement was given with fraudulent intent and that the loan was made in full reliance on the financial statement. These requirements cannot be evaded by a loan company manager or employee who tells the borrower to fill in the financial statement and also tells him that it is only necessary to list one or two debts as a formality; in such case

the loan company employee knows the significance of this, even though the borrower does not, and the courts will not sanction any such sharp practice. Also, it has been held that where a small loan company has been doing business satisfactorily with a perennial borrower for many years and has the means to check his financial responsibility within its own organization, but chooses to close its eyes, it will be estopped to complain that the loan sued upon but discharged in bankruptcy was obtained by signing a false statement as to existing debts." 9 Am.Jur.2d Bankruptcy § 785, p. 587.

On a motion for judgment on the pleadings, all of the allegations of the opposing party's pleadings must be accepted as true and the moving party is entitled to judgment only if the position of the opposing party, as stated in its pleadings, clearly entitles the moving party to judgment.

Jamison v. Southern States Life Insurance Company, 3 Ariz.App. 131, 412 P.2d 306 (1966); Young v. Bishop, 88 Ariz. 140, 353 P.2d 1017 (1960); and see Neiderhiser v. Henry's Drive-In, Inc., 96 Ariz. 305, 308, 394 P.2d 420 (1964).

The plaintiff complains that the defense of the denial of fraud was not adequately presented to the trial court. Though we find the brief filed by defendant's counsel in the lower court to be somewhat difficult to follow, we believe that this defense was sufficiently called to the trial court's attention so as to obviate the granting of a motion for judgment on the pleadings.[2]

Judgment reversed and cause remanded to the superior court for further proceedings not inconsistent with this opinion.

HATHAWAY, C. J., and KRUCKER, J., concur.

---

2. The response filed by the defendant to the motion for judgment on the pleadings commenced with this language:

"1. That the allegations in the Complaint is of fraud and deceit (tort)— forming the cause of action—to wit: that defendant obtained money by false representations or fraud.

"2. The paragraphs in the Complaint *which defendant specifically denies are allegations of the elements of fraud and deceit, not the execution of any instrument;* every sentence is a statement charging fraud or false representation, to wit: * * *" (Emphasis added)