**240 P.2d 173**

**WALKER et ux. v. ESTAVILLO et al.**

**No. 5412.**

Supreme Court of Arizona.

Jan. 28, 1952.

Rehearing Denied March 11, 1952.

Moore & Moore, of Phoenix, for appellants.

J. D. Merrill, Irwin Cantor, of Phoenix, for appellees.

DE CONCINI, Justice.

This is an appeal by plaintiff-vendors from a judgment of the trial court allowing defendant-vendees the right to rescind a contract for the sale of real property, and to recover damages in the sum of $226 for improvements made on the property, as well as $526 as a refund for the money paid toward the purchase price.

The parties will be referred to by their designations in the trial court.

Plaintiffs and defendants entered into an agreement dated April 29, 1946, whereby the plaintiffs were sellers and the defendants buyers of a certain tract of land described with particularity in the agreement. It is not disputed that both parties at the time they signed the agreement, thought that there were two houses on the land that defendants were purchasing. Defendants went into possession of the premises, paying $500 at that time and monthly

payments from June 1, 1946 up to and including June 1, 1948. During the early part of June, 1948, defendants received a letter from the Arizona Sand & Rock Company to the effect that both houses which defendants thought were on the land they were purchasing, encroached on property owned by the company. After receipt of this letter, engineers of the company also made a survey of the premises, showing by stakes that one house was completely off the land described in the sales agreement, and the other was over the line a few feet on one side.

Shortly thereafter attorneys for the defendants gave notice of this by letter to plaintiffs and received the following answer:

"Your letter of July 19, 1948, received.

"It is Mr. Walker's contention that even though the legal description contained in the contract to Mr. Estavillo does not cover the land where one of the houses is located, he and his predecessor in interest have occupied the land for more than the period prescribed by the Statute of Limitations; and Mr. Walker, for that reason, expects to deliver perfect title to Mr. Estavillo when his contract is fully paid, including the land in dispute."

On September 9, 1948, defendants notified plaintiffs, in accordance with the procedural requirements of the agreement, that they elected to rescind said agreement because " * * * adverse claims have been asserted against said buyers to the property involved in said sale as previously related to you from which it appears certain that peaceable and unmolested possession and enjoyment of said premises cannot be had by buyers, and that sellers cannot guarantee good and sufficient title as required by the terms of said sale."

On October 13, 1948, the plaintiffs commenced a quiet title action against the Arizona Sand & Rock Company to the land the company had asserted a claim to. This action resulted in a default judgment on February 3, 1949 in favor of the plaintiffs.

February 7, 1949, the plaintiffs formally elected "to cancel the contract of sale" because "of the non-payment of the monthly payments * * *".

Thereafter, the plaintiffs instituted in superior court the action which is the basis of this appeal. They sought a *forfeiture* of the buyers' rights, as well as that title be quieted in them, with attorneys' fees and damages to the property resulting from the neglect of the defendants while they were in possession. Defendants' answer admitted that they were in default, but set out as the reason therefor, the adverse claims asserted against the property, and that the plaintiffs had not fully " * * * complied with the lawful requests of the plaintiffs in assurance of title and title guarantee all as made requisite upon them by said escrow instructions and contract of sale. * * *" Defendants further claimed an equitable

lien upon said premises to cover payments and improvements made while they were in possession of the premises.

Plaintiffs asked for judgment on the pleadings, which was denied. After trial, and judgment was entered in favor of the defendants, plaintiffs moved for a new trial, which was likewise denied.

Plaintiffs assign four errors on appeal. The first one is: "The Court erred in denying plaintiffs' motion, made at the beginning of the trial, for judgment on the pleadings that plaintiffs were entitled to a forfeiture under the contract of sale, for the reason that plaintiffs' complaint stated a cause of action for such forfeiture, and the answer of defendants set forth no defense whatever to said cause of action." Consideration of this assignment will result in the correct disposition of this appeal.

Defendants' answer was " * * * that their failure and refusal to further make payments under said contract was occasioned by the fact that adverse claims were exerted against these defendants while they were in possession of said premises whereby these defendants were ordered to remove the buildings from said premises. That thereupon these defendants vacated said premises and made demand upon the plaintiffs for the return of their monies paid to that time and elected to cancel the said contract and abrogate the same according to the terms thereof * * *." This action was taken on September 9, 1948.

■ The right of rescission by a purchaser under an executory land contract must be decided by the particular facts of each case.

In the case at bar, defendants had been in possession of the premises for a period of over two years. They were making monthly payments, and title was in escrow until the final payment was made. On September 8, 1948, when they elected to "rescind" the contract of sale, they had been in default since July, and there was still a number of monthly payments to be made.

■■ A party to a contract who is in default, has no legal right to rescind a contract because of an alleged breach thereof by the other contracting party. 55 Am. Jur., Vendor and Purchaser, Sec. 535, p. 927.

We believe that the rule of law in a case such as this is correctly stated in Carter Coal Co. v. Litz, D.C., 54 F.Supp. 115, 131, affirmed in 4 Cir., 140 F.2d 934, wherein the court said:

"The mere fact that someone has asserted a vague and indefinite claim to the land either in court or out of it is not sufficient (to permit rescission). Anyone can bring a suit and the courts frequently have before them claims of one sort or another found to exist only in the imagination or distorted judgment of those asserting them.

*      *      *      *      *      *

"If contracts for the sale of land could be avoided merely because some third per-

son were to assert some right in the land, vendees would have a ready avenue of escape from unprofitable purchases by instigating the assertion of frivolous or spurious claims by unscrupulous or misguided persons. * * *"

We do not mean to imply that defendants instigated the claims asserted by the Arizona Sand & Rock Company, or that the latter did not assert their claim in good faith. However the same rule is applicable. To hold otherwise would allow the possible rescission of every executory land contract. As said in Meeks v. Garner, 93 Ala. 17, 8 So. 378, 379, cited in the Carter case: " 'A vendor cannot be held responsible for a fraudulent misrepresentation as to his title, simply because third parties engage in blackmailing or malicious litigation with his vendee * * *' ".

Further, such a rule as this is harmonious with the Arizona case of Steward v. Sirrine, 34 Ariz. 49, 267 p. 598, 599, wherein we said: " * * * If vendor is able to make a good title at the time stipulated for, he may not only maintain an action at law for damages for a breach by the purchaser, but may also sue to compel specific performance by the latter and recover the agreed consideration, *and he is in default under such a contract only when the vendee has performed his part of the contract and made demand for a title which the vendor is unable to furnish. * * *"* (Emphasis supplied.)

The defendants in this case thought that the claim of title asserted by the Arizona Sand & Rock Company was sufficient to justify a rescission. When it did this, it necessarily assumed the burden of showing that such a claim was true. This they did not, and under the evidence, could not do. Likewise the defendants have failed in this case, since in their pleadings they do not deny plaintiffs' ownership but only assert that adverse claims were made by a third party.

Defendants, by placing themselves in default, when they had no right to do so, allowed the plaintiffs to declare a forfeiture in accordance with the agreement of April 29, 1946.

The complaint of plaintiffs having set forth a claim for relief, and defendants' answer and more definite statement failing to show any defense thereto, it was error for the trial court not to have granted plaintiffs' motion for judgment on the pleadings.

Judgment reversed with instructions to enter judgment in favor of plaintiffs on the pleadings.

UDALL, C. J., and STANFORD, PHELPS and LA PRADE, JJ., concur.