321 P.2d 1030

**PACIFIC FIRE RATING BUREAU, Arizona Association of Insurance Agents, and G. A. Bushnell, as Director of Insurance of the State of Arizona, Appellants,**

v.

**INSURANCE COMPANY OF NORTH AMERICA, Indemnity Insurance Company of North America, Philadelphia Insurance Company, and Fire Insurance Exchange, a reciprocal or interinsurance exchange, Appellees.**

No. 6336.

Supreme Court of Arizona.

Feb. 19, 1958.

Snell & Wilmer, Phoenix, and Bert W. Levit and Robert Minge Brown, San Francisco, Cal., for appellant Pacific Fire Rating Bureau.

Snell & Wilmer, Phoenix, for appellant Arizona Ass'n of Ins. Agents.

Robert Morrison, Atty. Gen., and Edward W. Hughes, Sp. Asst. Atty. Gen., for appellant G. A. Bushnell as Director of Ins. for the State.

Long & Levit, San Francisco, Cal., McCutchen, Thomas, Matthew, Griffiths & Greene, San Francisco, Cal., of counsel, for appellants.

Evans, Kitchel & Jenckes, Phoenix, and W. Perry Epes, Philadelphia, Pa., for appellees Insurance Co. of North America, Indemnity Ins. Co. of North America, and Philadelphia Ins. Co., Pillsbury, Madison & Sutro, San Francisco, Cal., and William H. Rehnquist, Phoenix, of counsel.

Fennemore, Craig, Allen & McClennen, Philip E. von Ammon, Phoenix, for appellee Fire Ins. Exchange.

Arthur C. Mertz, Stephen I. Martin, Chicago, Ill., and Gust, Rosenfeld, Divelbess & Robinette, Phoeniz, amicus curiae, for National Ass'n of Independent Insurers.

UDALL, Chief Justice.

The sole question presented by this appeal is whether the trial court erred in granting judgment on the pleadings, i. e., in holding as a matter of law, that Rule VII promulgated by the Pacific Fire Rating Bureau and approved by the Director of Insurance pursuant to the provisions of A.R.S. § 20–363, was invalid.

Appeals from the Director's approval of the rule were consolidated in the trial court and appellees here will be referred to as "appellees" or "North America Companies"; appellant Pacific Fire Rating Bureau as "P.F.R.B." and appellant Director of Insurance of the State of Arizona as "the Director".

P.F.R.B. is an association of insurers engaged in making uniform insurance rates for its members and subscribers in Arizona, Nevada, Utah, California, Montana and Alaska. These, rates cover substantially all of the fire and other kinds of property insurance written by North America Companies. This parent company, and its subsidiaries (referred to here as North America Companies), are large scale casualty, surety, property and marine insurers, authorized to do business in this and other states. The insurance transacted by such companies constitutes a substantial part of the total insurance of such nature transacted in the United States and is exceeded in volume by only a very few other insurance groups.

The decision in United States v. South-Eastern Underwriters Ass'n, 1944, 322 U. S. 533, 64 S.Ct. 1162, 88 L.Ed. 1440, overruled the many prior Supreme Court cases holding that insurance was not commerce in the constitutional sense. Thereafter Congress passed the McCarran-Ferguson Act (Public Law 15, 1945; 15 U.S.C.A. §§ 1011–1015), which in effect returned the regulation of insurance to the states. Because the federal antitrust laws were, by Public Law 15, made inapplicable to insurance only to the extent that the business was regulated by state law, each state proceeded to enact a rate law. Most of these, including Arizona's (A.R.S. Title 20, Ch. 2, art. 4; section 20–341 et seq.), were modeled after a bill drafted by an industry committee with the approval of the National Association of Insurance Commissioners (NAIC); the model bill is known as the All-Industry law. It is the meaning of section 20–363, subds. A and B of such Act that is disputed here. That section states:

"A. Subject to rules and regulations which have been approved by the director as reasonable, each rating organization shall permit any insurer, not a member, to be a subscriber to its rating services *for any kind* of vehicle, casualty and surety insurance *or subdivision thereof, or for any kind of property and marine insurance or subdivision or class of risk or part or combination thereof,* for which it is authorized to act as a rating organization. Notice of proposed changes in the rules and regulations shall be given to subscribers.

"B. Each rating organization shall furnish its rating services without discrimination to its members and subscribers." (Emphasis supplied.)

December 7, 1953, North America Companies notified P.F.R.B. of termination of their subscribership to the rating services of such Bureau for the so-called "dwelling classes". At the same time said companies filed independently with the Director, rates, rules and forms for these classes. The notice of termination stated that North America Companies desired to retain subscribership for the remaining services of P.F.R.B.

Subsequent thereto, after determining its by-laws and constitution would not allow P.F.R.B. to take disciplinary measures against North America Companies for said action, P.F.R.B. amended its constitution. This rule was then filed with and approved by the Director as reasonable under the provisions of A.R.S. § 20–363. Pertinent portions of this rule are as follows:

"Whereas, (1) it has become increasingly apparent that unlimited right of partial subscribership to the services of the Bureau is incompatible with the best interests and requirements of a substantial majority of the insurance companies who utilize Bureau services, and if continued will impair the Bureau's ability to continue to furnish a full rating service at reasonable cost to its members and subscribers.

\*　\*　\*　\*　\*　\*

"Resolved, (1) It is in the best interests of the Bureau and the substantial majority of its members and subscribers that partial subscribership to Bureau services be reasonably limited, as hereinafter provided, in order that the Bureau may continue to provide and furnish a complete rating and examination service at reasonable cost to all insurers requiring it, without impairment.

"(2) There is hereby adopted a new rule to be added to the General Rules of the Bureau as Rule VII, reading as follows:

"Rule VII

"1. Partial services for a particular State or States shall be available to a subscriber, upon application, for

any kind of insurance, subdivision, or class of risk, or a part or combination thereof, in the following cases only:

"(a) Where the subscriber limits its writings in the State or States covered by the application to the kind of insurance, subdivision, or class of risk, or the part or combination thereof, for which such partial services are requested.

"(b) Where the subscriber desires to utilize the services of the Bureau in a particular State or States for all kinds of insurance and subdivisions or classes of risk for which the Bureau promulgates rates and classifications except in a limited specialty field or fields designated in the application for partial subscribership and approved by the Governing Committee. * * *."

The rule then states that partial subscribership will be allowed in a limited specialty field. Admittedly this limited specialty field would not include any of that area for which North America Companies seek partial subscribership. It also appears it is so limited as to be practically exclusive of partial subscribership as to the types of insurance written by appellees.

Appellees contend that a rating organization has no authority to deny the right of partial subscribership, that any rule or regulation attempting to do so is ipso facto invalid; and the Director has no authority to approve a rule or regulation which is invalid as a matter of law. The basis for this contention is that the statute expressly authorizes partial subscription. This statutory assurance of independent action authorized by the allowance of partial subscription is asserted to be as follows: (1) that nothing in these laws (rating provisions) is to be construed as requiring insurers to be members of or subscribers to a rating organization (A.R.S. § 20–344, subd. B); (2) that reasonable competition is not to be prohibited or discouraged (A.R.S. § 20–341); (3) that uniformity in rates and practices is neither prohibited or encouraged so long as an insurer's rates meet the statutory standards (A.R.S. § 20–341); and (4) in the provision in issue here, that a rating organization shall permit *"any"* insurer to be a subscriber to its services for *"any"* kind of insurance, subdivision, or class of risk or a part or combination thereof for which it is authorized to act as a rating organization. (A.R.S. § 20–363, subd. A).

P.F.R.B. appeals from the lower court's granting of appellees' motion for judgment on the pleadings and submits the following assignments of error:

(1) The superior court erred in granting motions of appellees for judgment on the pleadings, thereby reversing the Director, for the reason that appellants P.F.R.B. and the Director are authorized and empowered, respectively, to adopt and approve reasonable rules and regulations limiting the right

of partial subscribership in P.F.R.B. and the adoption of Rule VII, supra, did not constitute the exercise by them of an unlawful delegation of legislative power or acts in violation of the laws and Constitution of the State of Arizona or the United States of America.

(2) The superior court erred in entering judgment in a form—

(a) That did not clearly characterize it as a judgment entered upon a motion for judgment on the pleadings, and not upon its merits;

(b) That did not clearly indicate that the record of the proceedings before the Director was not considered by the court at all;

(c) That purported to reverse and set aside the findings of fact made by the Director, when neither such findings nor the evidence upon which they were based were before the court on the motion for judgment, nor was such evidence considered by the court at all.

It is further contended the court erred in overruling appellants' objections to the form of the judgment in these particulars, for the reasons that a judgment not rendered on the merits should be in such a form as to clearly disclose this fact to the reviewing court; nor may such judgment reverse findings of fact of an administrative official or lower court when the record and evidence has not been considered by the court rendering the judgment.

Appellees however urge, and we agree, that the sole issue is:

"Under the provisions of the Arizona Insurance Code and particularly the 'Partial Subscribership' section (A.R.S. § 20–363), may a rating organization adopt, and may the Director of Insurance approve any rule or regulation denying to an insurer the right to subscribe to a part only of the rating services of such rating organization without subscribing to all of such services?"

An answer to this query will, we believe, effectually dispose of the appeal without the necessity of discussing any of the other points raised either by appellants or appellees.

The purpose of the insurance rate regulation is stated in A.R.S. § 20–341, as follows:

"The purpose of this article is to promote the public welfare by regulating insurance rates to the end that they shall not be excessive, inadequate or unfairly discriminatory, and to authorize and regulate cooperative action among insurers in rate making and in other matters within the scope of this article. Nothing in this article is intended to prohibit or discourage reasonable competition, or to prohibit or encourage, except to the extent necessary to accomplish the purpose stated in

this section, uniformity in insurance rates, rating systems, rating plans or practices. This article shall be liberally interpreted to carry into effect the provisions of this section."

█ Rate making bureaus are allowed to operate, contrary to the policy of forbidding combinations to establish rates, for the sole purpose of accomplishing the above. The primary purpose of allowing such combinations for rate making is to insure solvency on behalf of insurance companies. The necessary structure to establish rates, due to the contingencies upon which payment of the insurance rests, is very extensive and it is conceded that no insurer could afford to totally withdraw from rating bureaus. On the other hand partial subscribership and deviation (A.R.S. § 20-355) are provided so that competitive rates may inure to the benefit of the public. When you subscribe to P.F.R.B., or any other rating bureau, you must adhere to the rates so filed on your behalf unless you can comply with the deviation procedure provided by statute. This is a cumbersome process that must be repeated each year. We cannot agree with appellants that these deviation requirements, plus the minority appeals section (A.R.S. § 20-366), were set up to prevent unlimited partial subscribership.

█ The wording of the statute, section 20-363 supra, is unambiguous and mandatory, and with the rest of the rating provisions was doubtless intended to carry out the above purpose. Rule VII, supra, obviously precludes freedom of rate competition that results from partial subscribership. While the Director may, under the statute, approve reasonable rules and regulations he cannot make or approve a rule, as here, that would conflict with the true meaning of the statute. A rule cannot abrogate the statute which authorizes its promulgation. McCarrell v. Lane, 76 Ariz. 67, 258 P.2d 988; State Board of Barber Examiners v. Walker, 67 Ariz. 156, 192 P.2d 723; United States v. United Verde Copper Co., 8 Ariz. 186, 71 P. 954; Id., 196 U.S. 207, 25 S.Ct. 222, 49 L.Ed. 449.

A similar problem was faced by the Insurance Department of the State of New York and its Director in a decision of September 14, 1954, wherein they reached the same conclusion we have. That decision presented other questions not involved here and concluded as follows:

"As stated herein, my conclusions are dictated by the belief that the Congress of the United States and the New York Legislature intended that reasonable competition should exist in the fire insurance business. To my way of thinking the action of the North America Companies (withdrawing from the dwelling classes as here and filing independent rates) is reasonably

calculated to achieve that and it is contemplated and permitted by our Insurance Law (based on the All-Industry law)." (Parenthetical expressions supplied.)

This decision was unanimously confirmed without opinion by the Appellate Division of the Supreme Court, after full argument and briefs on the merits (Cullen v. Bohlinger, 284 App.Div. 963, 136 N.Y.S.2d 361). The Court of Appeals denied the rating bureau leave to appeal under a statute (Civil Practice Act, § 589(4) (a)) which required review to "be allowed upon questions of law when required in the interests of substantial justice." A subsequent appeal as of right filed by the bureau was dismissed by the Court of Appeals on the court's own motion (308 N.Y. 886, 126 N.E. 2d 564). Finally, the Supreme Court of the United States dismissed an appeal by this New York bureau (350 U.S. 803, 76 S.Ct. 56, 100 L.Ed. 722).

The stand of New York and our own holding are consonant with the views expressed by the authors of the All-Industry Law upon which our statute is based. That committee, speaking of section 6(b) of the model Casualty and Surety Rate Regulatory Bill (of which section 20-363, subd. A, supra, is almost identical), stated:

"Subsection (b) makes it possible for any licensed insurer to avail itself, as a subscriber, of all or part of the services of a rating organization. No licensed insurer can be denied the right to such services provided only that it conforms to reasonable rules and regulations approved by the Commissioner. The reasonableness of rules applicable to subscribers and the refusal of a rating organization to permit an insurer to become a subscriber are subject to review by the Commissioner."

 Thus, an insurer cannot be denied the right of partial subscribership if it conforms to reasonable rules and regulations of the Director. However, if a rule or regulation denies such right, approval by the Director does not change the fact that the right has been denied and the statute violated. We hold Rule VII, supra, is plainly inconsistent with the statute and was properly stricken down by the trial court.

 Finally, as to appellants' second assignment of error, supra: For the purpose of passing upon a motion for judgment on the pleadings the court may consider as true such allegations of the complaint as are admitted by the answer. If these allegations set forth a claim for relief and the answer fails to assert a legally sufficient defense plaintiff is entitled to judgment. Walker v. Estavillo, 73 Ariz. 211, 240 P.2d 173. This court is sufficiently apprised of the lower court's action and the basis therefor. We believe it was a prop-

·er case for the entry of judgment on the pleadings under Rule 12(c), Rules of Civil Procedure, 16 A.R.S.

Judgment affirmed.

WINDES, PHELPS, STRUCKMEY-ER and JOHNSON, JJ., concur.