NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee, on behalf of the HSI Asset Securitization Corporation Trust 2006-HEI Trust Fund, *Plaintiff/Appellee*,

*v.*

ARACELI GONZALEZ; MARIO. E. GONZALEZ; I–X, JOHN DOE OCCUPANTS 1–5 AND JANE DOE OCCUPANT 1–5, *Defendants/Appellants*.

No. 1 CA-CV 15-0001
FILED 10-20-2015

---

Appeal from the Superior Court in Maricopa County
No. CV2014-009510
The Honorable Benjamin Vatz, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Tiffany & Bosco, P.A., Phoenix
By Leonard J. McDonald, Jr.; David W. Cowles
*Counsel for Appellee*

Araceli Gonzalez and Mario E. Gonzalez
*Defendants/Appellants*

## MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Jon W. Thompson joined.

W I N T H R O P, Judge:

¶1 Araceli Gonzalez and Mario E. Gonzalez ("Appellants") appeal the trial court's judgment on the pleadings, finding them guilty of forcible detainer. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 Deutsche Bank National Trust Company ("Deutsche Bank") filed a forcible detainer action alleging that Appellants were occupying property Deutsche Bank had recently purchased in a trustee's sale, and that Appellants were refusing to surrender possession of this property. Deutsche Bank attached a copy of its trustee's deed to the complaint.

¶3 Appellants filed an answer, denying Deutsche Bank was the owner of the property, alleging affirmative defenses of "fraud, concealment, misrepresentation, and/or deliberate notice failure," and asking the court to dismiss the complaint. The facts surrounding the alleged defenses were not pled with any specificity.

¶4 Following a hearing, the trial court entered judgment on the pleadings in Deutsche Bank's favor, directing Appellants to vacate the property. This timely appeal followed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12–120.21(A)(1)[1].

## ANALYSIS

¶5 Appellants argue judgment on the pleadings was not proper because they alleged the trustee's deed was void due to fraud, misrepresentation, concealment, or deliberate failure of notice. We disagree.

---

[1] We cite the current version of all applicable statutes unless revisions material to this decision have occurred since the events in question.

¶6          A plaintiff is entitled to judgment on the pleadings if the complaint sets forth a claim for relief and the answer does not contain a legally cognizable defense. *Pac. Fire Rating Bureau v. Ins. Co. of N. Am.*, 83 Ariz. 369, 376, 321 P.2d 1030, 1035 (1958); *Walker v. Estavillo*, 73 Ariz. 211, 215, 240 P.2d 173, 176 (1952). When reviewing a judgment on the pleadings, the allegations of the complaint are viewed as true, but conclusions of law are not admitted. *Giles v. Hill Lewis Marce*, 195 Ariz. 358, 359, 988 P.2d 143, 144 (App. 1999).

¶7          A forcible detainer action is a statutory proceeding intended to provide a summary, speedy, and adequate means for someone entitled to actual possession of property to obtain possession. *Colonial Tri-City Ltd. P'ship v. Ben Franklin Stores, Inc.*, 179 Ariz. 428, 433, 880 P.2d 648, 653 (App. 1993); *Curtis v. Morris*, 184 Ariz. 393, 398, 909 P.2d 460, 465 (App. 1995). In such a proceeding, the only issue before the court is the right of actual possession; the court may not inquire into the merits of title. A.R.S. § 12-1177(A); *Curtis v. Morris ("Curtis II")*, 186 Ariz. 534, 534, 925 P.2d 259, 259 (1996). The fact of title, however, may be proved in an incidental matter to show the right of possession. *Curtis II*, 186 Ariz. at 535, 925 P.2d at 260.

¶8          As evidence of its right to actual possession, Deutsche Bank provided the trial court with a certified copy of the trustee's deed from the official records of the Maricopa County Recorder. Under A.R.S. § 33-811(B), a trustee's deed creates a presumption of compliance with the statutory requirements of the trustee's deed relating to the exercise of the power of sale and the sale of the trust property.

¶9          Appellants presented no evidence to rebut this presumption of compliance or any other admissible evidence showing Deutsche Bank did not have a right to actual possession. Instead, they attacked the validity of Deutsche Bank's title; however, this argument was outside the scope of a forcible detainer action.

¶10          In short, Appellants failed to present any legally cognizable defense to the complaint. A defendant in a forcible detainer action cannot avoid the proceedings merely by denying that the plaintiff has a valid title. *RREEF Mgmt. Co. v. Camex Prods., Inc.*, 190 Ariz. 75, 79, 945 P.2d 386, 390 (App. 1997). A defendant may dispute the merits of the plaintiff's title only if the defendant can affirmatively demonstrate that the foreclosure sale was void based on fraud, misrepresentation, concealment, or deliberate failure of notice. *Main I Ltd. P'ship v. Venture Capital Const. & Dev. Co.*, 154 Ariz. 256, 260, 741 P.2d 1234, 1238 (App. 1987); *Hills v. OCWEN Fed. Bank (In re Hills)*, 299 B.R. 581, 586 (Bankr. D. Ariz. 2002). Appellants argue the

preservation of a fraud/misrepresentation defense in their answer was sufficient to create a triable issue and defeat the motion for judgment on the pleadings. We disagree. Allegations of fraud must be stated with particularity; mere assertion of such a defense, without more, is insufficient as a matter of law. *See* Ariz. R. Civ. P. 9(b); *Spudnuts, Inc. v. Lane*, 131 Ariz. 424, 425-26, 641 P.2d 912, 913-14 (App. 1982). The trial court properly found that Appellants had failed to raise a viable legal defense to the forcible detainer action.

¶11 Finally, in our review of the record on appeal, we noted that Appellants did not submit the transcript of the trial court proceedings. We also noted that the court's minute entry of those proceedings—and written notice that the proceedings were recorded and thus available for transcription—was missing, and we briefly suspended this appeal to allow for the preparation of that minute entry, to give notice to the parties of the availability of the recording, and to allow time for either party to supplement the record on appeal with a copy of the transcript of those proceedings. The trial court prepared that minute entry, and copies were provided to the parties. Jurisdiction was revested in this court, but Appellants did not submit any transcript. Accordingly, in addition to the minute entry recitation of the trial court's actions, we presume that the missing transcript also supports the ruling of the trial court in this matter. *Myrick v. Maloney*, 235 Ariz. 491, 495, ¶ 11, 333 P.3d 818, 822 (App. 2014).

## CONCLUSION

¶12 For the foregoing reasons, we affirm the trial court's judgment.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama