NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

BANK OF AMERICA, N.A., *Plaintiff/Appellee,*

*v.*

WILLIAM ALLEN, *Defendant/Appellant.*

No. 1 CA-CV 14-0484
FILED 11-3-2015

Appeal from the Superior Court in Yavapai County
No.  P1300CV201301149
The Honorable David L. Mackey, Judge

**AFFIRMED**

COUNSEL

William Allen, Dewey
*Defendant/Appellant*

Wright, Finlay & Zak, LLP, Phoenix
By Kim R. Lepore, Jamin S. Neil
*Counsel for Plaintiff/Appellee*

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Patricia A. Orozco joined.

**P O R T L E Y**, Judge:

**¶1** William Allen appeals the judgment on the pleadings granted to Bank of America, N.A. ("BANA") and the denial of his motion to vacate. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

**¶2** Allen purchased real property in Dewey, Arizona in 2008. He signed a promissory note evidencing the loan from Taylor, Bean & Whitaker Mortgage Corporation ("Taylor Bean"), and the loan was secured by a deed of trust on the property. The recorded deed listed Mortgage Electronic Registration System's Inc. ("MERS") as the nominal beneficiary, and First American Title Agency of Arizona as the trustee.

**¶3** Some four years later, the beneficial interest in the deed of trust was assigned to BANA and duly recorded. BANA then appointed Recontrust Company, N.A. ("Recontrust"), as the successor trustee under the deed of trust. Shortly thereafter, Allen filed a quiet title action in the Yavapai County Superior Court, and subsequently defaulted on his loan obligation.

**¶4** Based on Allen's default, BANA recorded a notice of trustee's sale on September 4, 2012. The notice listed Recontrust as the trustee, BANA as the beneficiary, and set the trustee's sale for December 2012.[1]

**¶5** Allen, however, recorded a notice of lis pendens in October 2012, as part of his quiet title action. BANA filed a motion under Arizona Rule of Civil Procedure 12(b)(6) to dismiss the quiet title lawsuit. The trial court granted the motion and the lawsuit was dismissed. Allen did not appeal the dismissal.

**¶6** Although his quiet title action was dismissed, Allen did not voluntarily release the lis pendens. As a result, BANA sent a letter dated April 15, 2013, demanding that Allen release the lis pendens within twenty

---

[1] Under Arizona law and the deed of trust, Allen, as the trustor, retained possession and enjoyed the benefits of ownership, but transferred legal title in the property to the trustee by the deed of trust. *See Steinberger v. McVey ex rel. Cty. of Maricopa*, 234 Ariz. 125, 133, ¶ 27, 318 P.3d 419, 427 (App. 2014). After the assignment, BANA became the beneficiary, and, in turn, replaced First American Title with Recontrust as the successor trustee, who then held legal title for the beneficiary. *Id.*

days. Allen refused and did not sign the document to release the lis pendens, even after receiving a second request. BANA then filed a complaint with attached relevant documents, seeking to remove the lis pendens.

¶7        Allen filed an answer. BANA then filed a Rule 12(c) motion for judgment on the pleadings arguing that Allen's answer failed to refute its claim that BANA was entitled to an order releasing the lis pendens.[2] Allen responded by filing a motion to dismiss the complaint, asserting BANA had no interest in the deed of trust and failed to prove its relationship with the lender Government National Mortgage Association ("GNMA").[3] He subsequently filed a response to BANA's motion.[4]

¶8        After taking judicial notice of Allen's dismissed quiet title action, the trial court granted BANA's motion for judgment on the pleadings and denied Allen's motion to dismiss.[5] Allen filed an unsuccessful motion to vacate the judgment expunging the lis pendens or, in the alternative, for findings of fact and conclusions of law.[6] Allen then

---

[2] In the interim, BANA filed another notice of trustee's sale and set the sale date for July 15, 2014.

[3] At some time prior to BANA's motion, GNMA had acquired the loan evidenced by the promissory note from Taylor Bean, the original lender.

[4] Allen filed a notice to withdraw his motion to dismiss after filing his opposition to BANA's motion, but the court subsequently denied the motion to dismiss.

[5] Allen also filed a separate counterclaim and statement of facts in support of summary judgment. The counterclaim was ineffective because Allen did not file it within twenty-one days after filing his answer and failed to seek the court's permission to file the counterclaim pursuant to Rules 13(e) and 15. *See* Ariz. R. Civ. P. 13(e) (a claim "may, with the permission of the court, be presented as a counterclaim by supplemental pleading."); Ariz. R. Civ. P. 15(a)(1) (if filed outside the initial time-frame stated in Rule 15(a)(1)(A), and (B), "a party may amend the party's pleading only by leave of court or by written consent of the adverse party"). And, because Allen had not filed a cross-motion for summary judgment, the supporting statement of facts was a nullity. *See* Ariz. R. Civ. P. 56(c).

[6] Allen did not ask the court for findings of fact or conclusions of law pursuant to Rule 52(a) prior to the entry of judgment. Allen also filed an emergency motion and request for preliminary injunction to enjoin BANA from holding a trustee's sale on July 15, 2014. The court did not formally rule on the motion and, as a result, tacitly denied the motion. *See State v.*

filed his notice of appeal and the court signed the judgment granting judgment on the pleadings on August 25, 2015.[7]

## DISCUSSION

**¶9**        Allen raises two arguments on appeal. First, he argues the trial court abused its discretion by expunging the lis pendens without determining whether the document was "forged, groundless, contain[ed] a material misstatement or false claim or [was] otherwise invalid" under Arizona Revised Statutes ("A.R.S.") section 33-420(B).[8] Second, he contends the court abused its discretion by voiding the lis pendens without determining the merits of either party's claims.

**¶10**        A party is entitled to a judgment on the pleadings under Rule 12(c) if the allegations in the complaint make "a claim for relief and the answer fails to assert a legally sufficient defense." *Pac. Fire Rating Bureau v. Ins. Co. of N. Am.*, 83 Ariz. 369, 376, 321 P.2d 1030, 1035 (1958) (citing *Walker v. Estavillo*, 73 Ariz. 211, 215, 240 P.2d 173, 176 (1952)). We review the Rule 12(c) judgment de novo to determine whether there are any issues of fact or law that would preclude the judgment. *Save Our Valley Ass'n v. Ariz. Corp. Comm'n*, 216 Ariz. 216, 218–19, ¶ 6, 165 P.3d 194, 196–97 (App. 2007). We review all allegations of the party opposing the motion as true "and the moving party is entitled to judgment only if the position of the opposing party, as stated in its pleadings, clearly entitles the moving party to judgment." *Wenrich v. Household Fin. Corp.*, 5 Ariz. App. 335, 338, 426 P.2d 671, 674 (1967) (citation omitted); *Neiderhiser v. Henry's Drive-In, Inc.*, 96 Ariz. 305, 308, 394 P.2d 420, 422 (1964) (noting that a "plaintiff's motion for judgment on the pleadings requires the court to take into consideration the allegations of both the complaint and answer and the court necessarily assumes the truth of material allegations of both pleadings") (citation omitted). Or, stated differently, a plaintiff's motion for judgment on the pleadings should be denied where issues of fact are properly raised by the answer. *Dons Club v. Anderson*, 83 Ariz. 94, 98, 317 P.2d 534, 536 (1957).

---

*Hill*, 174 Ariz. 313, 323, 848 P.2d 1375, 1385 (1993) ("A motion that is not ruled on is deemed denied by operation of law.") (citation omitted).

[7] Although Allen's notice of appeal was filed before the court signed the judgment, the premature notice is sufficient to give us jurisdiction to resolve this matter because the court had no other issues to resolve at the time the notice was filed. *See* ARCAP 9(c); *Barassi v. Matison*, 130 Ariz. 418, 422, 636 P.2d 1200, 1204 (1981).

[8] We cite the current version of the statute unless otherwise noted.

## I. Judgment on the Pleadings

¶11 Allen first claims the court abused its discretion by granting BANA's motion for judgment on the pleadings and expunging the lis pendens. We disagree.

¶12 Allen filed his quiet title lawsuit and then filed a lis pendens pursuant to A.R.S. § 12-1191. The statute provides that in "an action affecting title to real property, the plaintiff at the time of filing the complaint, or thereafter, . . . may file in the office of the recorder . . . a notice of the pendency of the action." A.R.S. § 12-1191(A). The statute, moreover, envisions that the lis pendens will be withdrawn or released upon completion of the litigation. For example, subsection C of the statute provides that if the action is dismissed, the plaintiff "shall issue to the defendant of the action a release of the notice of pendency of action" within thirty days. A.R.S. § 12-1191(C).

¶13 Although the lis pendens was properly filed to support Allen's quiet title action, he was required to release it after his quiet title action was dismissed. He did not release it voluntarily, and did not release it after BANA twice asked him. As a result, BANA was free to seek to force him to release the lis pendens, and recover $1000.00 and any actual damages. *See id.*; *Hatch Companies Contracting, Inc. v. Ariz. Bank*, 170 Ariz. 553, 556, 826 P.2d 1179, 1182 (App. 1991) (holding that the "beneficiary of a deed of trust is a beneficial title holder for the property conveyed within the meaning of" A.R.S. § 33-420).

¶14 BANA filed its complaint and attached documents demonstrating that it was the beneficiary under the deed of trust, the dismissal of the quiet title action in Yavapai County Number CV 2012-00882, and Allen's refusal to release the lis pendens. In his answer, Allen did not challenge the fact that he filed the quiet title action and the lis pendens, that his lawsuit had been dismissed, or that he refused to release the lis pendens. Instead, he generally disputed and contested any claims made by BANA. Allen alleged BANA was not entitled to relief under A.R.S. § 33-420 and, because GNMA did not authorize BANA to pursue the matter, that BANA did not have standing to request the release of the lis pendens.

¶15 BANA then filed a motion for judgment on the pleadings and pointed out that: as the beneficiary under the deed of trust, it was entitled to bring the action to remove the lis pendens; the reason the lis pendens was recorded was to give notice about the quiet title action; the purpose of the

lis pendens had lapsed after that lawsuit was dismissed; and Allen refused to release the lis pendens. In response, Allen recited the law of summary judgment and stated that BANA had no authority to conduct a trustee sale on his property and "lack[ed] authority as [a] party in interest acting on behalf of a 'true' beneficiary."

¶16         Although Allen challenges any attempt to conduct a trustee's sale, this lawsuit is not about a non-judicial trustee's sale. The lawsuit sought to remove the lis pendens related to the quiet title action that had been dismissed without an appeal. And because Allen did not challenge the dismissal of his quiet title action, the court was free to take judicial notice of that action, *see Visco v. Universal Refuse Removal Co.*, 11 Ariz. App. 73, 74, 462 P.2d 90, 91 (1969) (noting "it is proper for a court to take judicial notice of the record in another action tried in that same court") (citations omitted), and he cannot now litigate any issue he could have raised in that lawsuit, *see Gatecliff v. Great Republic Life Ins. Co.*, 154 Ariz. 502, 506, 744 P.2d 29, 33 (App. 1987) (noting that a Rule 12(b)(6) dismissal is a disposition on the merits and takes res judicata effect). Consequently, the court did not err by finding that Allen's answer to BANA's complaint "fails to set forth factual allegations or legal authority that would warrant further proceedings in this case" or by finding that BANA was entitled to judgment on the pleadings.

## II.    Failure to Resolve the Merits of the Claims

¶17         Allen also argues that the court erred by ordering the lis pendens released without factually resolving the merits of the claims. The court, however, resolved the lis pendens claim based on the uncontested facts in the pleadings.

¶18         Although Allen wants to contest myriad issues about the assignment of the deed of trust and related issues, as well as the fact that GNMA became the owner of the note, the time to have litigated those issues was during the quiet title action. Because Allen did not raise those challenges in that proceeding and the matter was dismissed without an appeal, it is final and binding, and he cannot challenge them in this proceeding. *See* ARCAP 9(a) (in order to appeal a judgment, party must file notice of appeal no later than 30 days after entry of the judgment from which the appeal is taken); *Lee v. Lee*, 133 Ariz. 118, 124, 649 P.2d 997, 1003 (App. 1982) (failure to file timely notice following entry of order sought to be appealed deprives appellate court of jurisdiction).

**¶19** Generally, a dismissal for failure to state a claim on which relief can be granted "disposes of the merits and takes res judicata effect," and, as a result, is not favored. *Gatecliff*, 154 Ariz. at 507, 744 P.2d at 34. Although the court granted a Rule 12(b)(6) motion to dismiss the quiet title action, Allen's recourse was to file an appeal and challenge the ruling. His failure to file an appeal forecloses further appellate review. *See* ARCAP 9; *Lee*, 133 Ariz. at 124, 649 P.2d at 1003. As a result, the trial court in the lis pendens action could not review the propriety of the earlier ruling, nor can we. Consequently, because the quiet title case was resolved and not appealed, it constituted a judgment on the merits, *see Phillips v. Ariz. Bd. of Regents*, 123 Ariz. 596, 597-98, 601 P.2d 596, 597-98 (1979), and the trial court did not err by finding the judgment was binding in this case.[9]

**¶20** BANA requests an award of reasonable attorneys' fees and costs on appeal. In the exercise of our discretion, we deny BANA's request for an award of attorneys' fees on appeal. *See* ARCAP 21(a)(2); *Roubos v. Miller*, 214 Ariz. 416, 420, ¶ 21, 153 P.3d 1045, 1049 (2007).

## CONCLUSION

**¶21** For the foregoing reasons, we affirm the judgment.



Ruth A. Willingham · Clerk of the Court
FILED: ama

---

[9] Although Allen notes that he is challenging the court's ruling denying his motion to vacate, he fails to develop his argument in his opening brief. We find that he has waived the issue and we decline to address the issue on appeal. *See* ARCAP 13(a)(7)(A); *Jones v. Burk*, 164 Ariz. 595, 597, 795 P.2d 238, 240 (App. 1990) ("Issues not clearly raised and argued in a party's appellate brief constitute waiver of error on review.") (citations omitted).