NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

FEDERAL NATIONAL MORTGAGE ASSOCIATION,
*Plaintiff/Appellee,*

*v.*

JOSEPH M. HAMILTON,
*Defendant/Appellant.*

No. 1 CA-CV 15-0373
FILED 4-12-2016

Appeal from the Superior Court in Maricopa County
No. CV 2014-005762
The Honorable James R. Morrow, Commissioner

**AFFIRMED**

COUNSEL

Tiffany & Bosco PA, Phoenix
By David W. Cowles
*Counsel for Plaintiff/Appellee*

Joseph M. Hamilton, Anthem
*Defendant/Appellant*

---

**MEMORANDUM DECISION**

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Kenton D. Jones joined.

---

**O R O Z C O**, Judge:

¶1    Joseph M. Hamilton appeals the trial court's order finding him guilty of forcible detainer and awarding judgment on the pleadings in favor of Federal National Mortgage Association (FNMA). For the following reasons, we affirm the court's judgment.

## FACTS AND PROCEDURAL BACKGROUND

¶2    FNMA filed a forcible detainer complaint (Complaint) against Hamilton in March 2014 to evict Hamilton from real property located in the Anthem Country Club (the Property). Attached to the Complaint was a copy of a trustee's deed upon sale conveying the Property to FNMA and a copy of FNMA's notice of demand for possession of the Property, as sent to Hamilton.

¶3    After the trial court agreed to several requests for a continuance, FNMA and Hamilton stipulated to placement of the case "on the Dismissal Calendar for dismissal on **November 24, 2014** without further notice unless prior to that date a proper Judgment is entered or filed, a Stipulation for Dismissal is presented, or a Motion to Set and Certificate of Readiness is filed." In November 2014, FNMA filed a motion to continue, requesting the case be set on the "Inactive Calendar for an additional ninety (90) days to allow collateral litigation to possibly be resolved." The court granted FNMA's request, continuing the case until February 24, 2015. FNMA requested another continuance on February 10, 2015 "to allow the parties' [sic] further time to discuss a possible resolution."

¶4    On February 24, 2015, the trial court denied FNMA's motion to continue and dismissed the case without prejudice, finding that "[e]viction actions are to proceed on an accelerated basis" and that neither party had entered a proper judgment, stipulated to dismissal or filed a certificate of readiness as ordered by the court.

¶5    FNMA promptly filed a motion for reconsideration, requesting that the court reinstate the case, stating that "the federal case –

which was the reason for the placement of the case on the inactive calendar – was dismissed with prejudice." Hamilton was given until April 15, 2015 to respond to FNMA's motion. The trial court, apparently understanding that Hamilton had not filed a response, granted FNMA's motion, treating Hamilton's failure to "serve and file an answering memorandum as consent to the granting of the motion."

¶6        On April 27, 2015, Hamilton filed a motion to dismiss, claiming that the trial court lacked subject matter jurisdiction pursuant to "Arizona Supreme Court Rules, specifically Rule 13-0017." Hamilton also contended he timely responded to FNMA's motion for reconsideration, attaching a copy of his Response in Objection to Plaintiff's Motion for Reconsideration, stamped as received by the clerk on April 14, 2015. The court set the matter for hearing on May 7, 2015.

¶7        At the May 7, 2015 hearing, the trial court considered Hamilton's April 14, 2015 response to FNMA's motion for reconsideration, and affirmed its decision granting FNMA's motion. The court also denied Hamilton's motion to dismiss, finding his reliance on the rules of civil procedure unavailing in an eviction action. The trial court then questioned Hamilton on the record, and he admitted to all the material allegations of the Complaint, with the exception of guilt. Hamilton also disputed that FNMA was "entitled to immediate possession" of the Property. Hamilton's position was that the Property was not properly foreclosed.

¶8        After the court had taken Hamilton's answer on the record, FNMA orally requested judgment on the pleadings, arguing that "[i]ssues of title are not permitted to be addressed here." The court provided Hamilton with an opportunity to respond to FNMA's request, and Hamilton provided no objection. The trial court "grant[ed] [FNMA's] motion for judgment on the pleadings based upon the allegations in the complaint as admitted here in court." Judgment was entered in favor of FNMA, the court finding Hamilton guilty of forcible detainer and requiring him to vacate the Property on or before May 12, 2015. Hamilton timely appealed.[1] We have jurisdiction pursuant to Article 6, Section 9, of the

---

[1]        Hamilton also requested and the trial court granted, a stay of the execution of his eviction.

Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-1182 and -2101 (West 2016).[2]

## DISCUSSION

**¶9** On appeal, Hamilton argues he was denied his right to a trial under Rule 11, Arizona Rules of Procedure for Eviction Actions, the trial court "exercised bias towards [him] and in general homeowners in default and abused [its] judicial discretion," and that the court "lacked discretion to reconsider [sic] [FNMA]'s motion for reconsideration."

I.          Judgment on the Pleadings

**¶10** In reviewing a judgment on the pleadings, we "accept as true the factual allegations of the complaint, but review the trial court's legal conclusions de novo." *Save Our Valley Ass'n v. Ariz. Corp. Comm'n*, 216 Ariz. 216, 218-19, ¶ 6 (App. 2007). We review the facts in the light most favorable to the non-moving party. *Napier v. Bertram*, 191 Ariz. 238, 239, ¶ 1 (1998). An entry of judgment on the pleadings in favor of a plaintiff is proper when the "allegations set forth a claim for relief and the answer fails to assert a legally sufficient defense." *Pac. Fire Rating Bureau v. Ins. Co. of N. Am.*, 83 Ariz. 369, 376 (1958).

**¶11** Pursuant to Rule 11.b(1), Arizona Rules of Procedure for Eviction Actions, a trial judge is responsible for

> determin[ing] whether there is a basis for a legal defense to the complaint either by reviewing a written answer filed pursuant to Rule 7 or by questioning the defendant in open court. If the court determines that a defense or proper counterclaim may exist, the court shall order a trial on the merits.

The rule permits "[c]ontested detainer matters [to] be set for a trial by a judge alone unless a jury trial is demanded by the plaintiff in the complaint or by the defendant at or before the initial appearance." Ariz. R.P. Evic. Act. 11.d.

**¶12** A forcible detainer claim made after "the property has been sold through a trustee's sale under a deed of trust" requires proof that a person "retain[ed] possession of any land, tenements or other real property

---

[2] Absent revisions material to this decision, we cite to a statute's most current version.

after he receives written demand of possession." A.R.S. §§ 12-1171 and -1173.01.A.2. The only issue is "the right of actual possession and the merits of title shall not be inquired into." A.R.S. § 12-1177.A. "[A] person who has defenses or objections to a properly noticed trustee's sale has one avenue for challenging the sale: filing for injunctive relief." *BT Capital, LLC v. TD Serv. Co. of Ariz.*, 229 Ariz. 299, 301, ¶ 10 (2012); *see also* A.R.S. § 33–811.C; *Madison v. Groseth*, 230 Ariz. 8, 13, ¶ 15 (App. 2012) (reasoning that a party waives any challenges to a trustee's sale, apart from lack of notice of the sale, by failing to obtain injunctive relief prior to the sale). Once a trustee's sale is completed, it cannot later be challenged "based on pre-sale defenses or objections." *BT Capital*, 229 Ariz. at 301, ¶ 11; *see also Groseth*, 230 Ariz. at 13, ¶ 15.

**¶13** Hamilton's only defense to the Complaint was that the foreclosure had not been proper; as the authorities cited above make clear, this was an ineffective opposition to a forcible detainer action. Absent a "legal defense to the claim," the trial court properly concluded Hamilton was not entitled to a trial. Moreover, Hamilton admitted that FNMA was entitled to exclusive possession, it owned the Property "[p]ursuant to the Trustee's Sale," he had received written notice of FNMA's ownership and demand for possession and had "continuously occupied and [was] presently in wrongful possession of the [Property]." Given these admissions by Hamilton, and the allegations pled in the Complaint, judgment on the pleadings in favor of FNMA was proper.

II.        FNMA's Motion for Reconsideration

**¶14** Hamilton also argues that the trial court exceeded its discretion by granting FNMA's motion for reconsideration of the court's earlier dismissal because "Arizona Supreme Court Rule 13-0017" requires dismissal of any "civil action pending on inactive calendar on April 15, 2014" and "therefore any motions to modify the Court's judgment are moot." It is not clear what authority Hamilton means to cite, but in any event, the rule he references is inapplicable; the referenced amendments to the Arizona Rules of Civil Procedure only apply to actions filed on or after April 1, 2014. FNMA filed its Complaint on March 11, 2014. Moreover, Rule 1, Arizona Rules of Procedure for Eviction Actions, provides that "these rules shall govern the procedure . . . involving forcible and special detainer actions" and "[t]he Arizona Rules of Civil Procedure apply only when incorporated by reference." Hamilton does not identify which of the several amended rules of civil procedure he contends applies.

¶15 We review the trial court's reconsideration of its earlier ruling for an abuse of discretion. *Davis v. Davis*, 195 Ariz. 158, 162, ¶ 14 (App. 1999) (citation omitted). Rule 9.f of the Arizona Rules of Procedure for Eviction Actions permits a party to file a motion for "reconsideration of a ruling of the court" and requires the court to allow the opposing party to respond before granting a motion for reconsideration. Shortly after FNMA's Complaint was dismissed without prejudice, FNMA requested the court to reconsider its ruling, arguing that "[o]f course [FNMA] can start anew, but it seems to [FNMA] that judicial economy (and expense to Plaintiff and Defendant) is better served by having the Court vacate the minute entry dismissing the eviction matter and [to] set a status (on continued initial) hearing." The case was continued several times for "[g]ood cause appearing," or by stipulation of the parties, and the record on appeal suggests there was some related litigation in federal court. Hamilton was permitted to respond to FNMA's motion, and the court conducted a hearing to consider the request. On this record, we cannot say that the trial court abused its discretion in granting FNMA's motion to reconsider.

## CONCLUSION

¶16 For the foregoing reasons, we affirm the trial court's decisions.



Ruth A. Willingham · Clerk of the Court
FILED: ama